EDWARD J. KELSEY, Respondent, *v.* JAMES SARGENT, Appellant.

A defendant may be required to serve a bill of particulars as to matter set forth in his answer, which is effectual only as a defense, as well as to matter set up as a counter-claim.

Where the matter is left uncertain, by reason of general averments, it is for the court below to determine whether further information required by plaintiff shall be given by a more specific answer or by a bill of particulars, and its determination is not reviewable here.

(Submitted November 24, 1885 ; decided December 8, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 23, 1885, which affirmed an order of Special Term, requiring defendant to serve a bill of particulars.

This action was brought to compel the surrender of certain stock which the complaint alleged had been pledged by plaintiff to defendant as security for the payment of a promissory note, and also to save defendant harmless from certain guaran-

ties executed by him. The complaint alleged payment of the note and upon information and belief that defendant " was made free and discharged from all his contracts as guarantor." The answer denied said averment and alleged " that the defendant has not been released from liability on said guaranties and is still liable on three or more of such guaranties." The order appealed from requires defendant to serve " a bill of particulars of the guaranties upon which he claims to be liable as alleged in the answer."

*J. & Q. Van Voorhis* for appellant. The plaintiff cannot require the defendant to furnish a bill of particulars of his denial. (Code, § 531.)

*Theodore Bacon* for respondent. The order appealed from is not reviewable in this court. (Code of Civ. Pro., § 190; *Hilton* v. *Beecher*, 59 N. Y. 176; *Dwight* v. *Germania Life Ins. Co.*, 84 id. 493; *Witkowski* v. *Paramore*, 93 id. 467.)

*Per Curiam.* If the answer is true the plaintiff will be defeated, because the defendant remains liable as guarantor upon certain obligations referred to in that pleading, but not described. It can make no difference whether the matter is left uncertain by general averments constituting an adverse claim, or by allegations of matter effectual only as a defense. In either case the plaintiff might require further information before trial, and whether it should be obtained from a more specific answer, or a bill of particulars, was for the Supreme Court to determine. ( *Witkowski* v. *Paramore*, 93 N. Y. 467.)

It follows that the appeal should be dismissed.

All concur.

Appeal dismissed.