78  217
85  142
78  217
109  300

ABRAM VAN VRANKEN ET AL. v. THE UNION NEWS COMPANY.

*Contract—Agency—Ratification.*

In this case it is held that the authority of defendant's local agent to make the contract sued upon is sufficiently shown by the evidence, which question should have been submitted to the jury, as also the question of defendant's ratification of said contract.

Error to Wayne. (Gartner, J.)    Argued October 11, 1889. Decided December 28, 1889.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Sands F. Moore,* for appellants.

*Moore & Canfield,* for defendant.

SHERWOOD, C. J. The plaintiffs in this case reside in Detroit, and wished to start and distribute free, to passengers on incoming trains, an advertising newspaper to be called "The Hotel Register." The defendant is a New York corporation, and had the exclusive control of the facilities for the circulation of such paper, and was distributing such a paper at Detroit, called "The Visitor," at that time. Dembitz was the defendant's local manager at its office at the Michigan Central depot in Detroit, and Mr. Walsh was the general manager of the defendant's western division. Mr. Wildman saw Walsh and told him of plaintiffs' project, and was informed by Walsh that arrangements could be made for having the Hotel Register distributed on the trains, and about a week thereafter he called on Dembitz to make a contract for such distribution. Mr. Dembitz, after consulting Mr. Walsh in the matter, informed two of the plaintiffs that he was ready to make a contract with the plaintiffs, and plaintiffs claim they did make with said defendant a certain contract, partly oral and partly written, and that the written part was as as follows:

"For a valuable consideration to us in had paid, the receipt whereof is hereby acknowledged, we, the undersigned, the Union News Company of Detroit, Michigan, hereby agree to and with the publishers of The Daily Hotel Register, of Detroit, Michigan, as follows:

"That we will hand to each and every passenger, each and every day of the week (except Sundays), for the period of one year from the date hereof, a copy of the said The Daily Hotel Register, upon all incoming trains to Detroit; that is to say, upon the following trains, to wit:

| | | |
|---|---|---|
| Canada S. R. R. | 8:05 | A. M. |
| "        "        " | 1:05 | P. M. |
| Michigan Central R. R. | 11:50 | A. M. |
| "        "        " | 7:30 | A. M. |
| "        "        " | 9:20 | A. M. |
| Toledo        "        " | 8:00 | A. M. |
| "        "        " | 9:45 | A. M. |
| Bay City R. R. | 11:00 | A. M. |
| Lake Shore R. R. | 12:25 | P. M. |
| Grand Rapids Exp. | 11:50 | A. M. |
| Lake Shore Exp. | 10:00 | A. M. |

"In witness whereof we have hereunto set our hand this fifteenth day of September, A. D. 1888.

"UNION NEWS CO.,
"S. Dembitz, Mgr."

That the verbal portion was. that the consideration was $35 per month, to be paid in advance each and every month; that the month for which payment was to commence should not begin to run until said newspaper should be delivered to said defendant for distribution. Such is the contract claimed to have been made, except that by.mistake of the scrivener the defendant's residence is represented as being at Detroit instead of New York.

Plaintiffs aver that they paid defendant, on the execution of the contract, $35 in advance, and that the newspaper was published for the first time on September 22, 1888, and on the same day delivered to ·the defendant; that on October 22, thereafter, and ever since that time, the defendant has neglected and refused to carry out said contract on its part with the plaintiffs, although ·the plaintiffs have always been ready and willing on their part to perform the same, and have repeatedly tendered such performance. Plaintiffs claim large damages, and in their declaration specify the items.

Defendant pleaded the general issue,—

"With notice that the signature was fraudulently obtained by representing that the contract sued on was a letter, and not a contract."

Also filed an affidavit denying the authority of Dembitz to make the contract.

The cause was tried before Judge Gartner, by jury, in the Wayne circuit, and the circuit judge held the contract as declared upon inadmissible in evidence, and directed the verdict for the defendant, and plaintiffs bring error.

The circuit judge held that the authority of Dembitz to make the contract mentioned in the declaration was not sufficiently shown, and this ruling raises the only question needing consideration in the case. Was there testimony in the case fairly tending to prove this local manager's authority? I think there was such testimony, and that the contract should have been received in evidence when offered. There is no question but that Dembitz had all the authority of a local agent for the defendant at Detroit, and to make the contract with the plaintiffs he did in parol; but it is claimed that his authority did not extend to the right to put the same in writing. The contract is shown by the evidence to have been within the apparent scope of his authority as local agent. The testimony shows that Walsh, without question, not only had the authority but could authorize the local agent to make the contract, even if the latter had not such authority. There is testimony tending to show that the local agent submitted the matter to Mr. Walsh, and took his advice in the premises before he made the written contract; and that Walsh afterwards said, substantially, that the contract was all right, and that he was willing to carry it out, but did not want it in writing, so that plaintiffs could show by it they had such a writing; that he wanted them to give up the writing, because it was offensive to some other parties with whom defendant was doing business.

There is no question but that Mr. Dembitz was mana-

ger of defendant at Detroit, and in that capacity he signed the name of the defendant to the contract, and there is testimony that under its provisions defendant received and retained one month's pay promised and paid by plaintiffs under the contract, and there is testimony tending to prove that Dembitz and his clerk were the men doing the business for the defendant at Detroit; that Dembitz made the contracts for carrying the Evening News, to hire and put men to work, and to pay them, to supply them with stock, to receive their cash, and to discharge them, and settle with the men in the employment of defendant. I think, under such a state of facts, the extent of the authority of Dembitz to bind the company in making the contract sued upon should have been submitted to the jury; also whether or not the defendant ratified the contract in question; and in refusing so to do the circuit judge erred.

The judgment should therefore be reversed, and a new trial granted.

The other Justices concurred.