## Abram Van Vranken et al. v. George Gartner, Circuit Judge of Wayne County.

[See 78 Mich. 217.]

*Pleading—Bill of particulars—Mandamus.*

1. *Mandamus* lies to correct the action of the trial court in ordering a bill of particulars, if it goes beyond what is properly required to be stated in such a bill. *Hamilton v. Circuit Judge*, 84 Mich. 393; *Shadock v. Plank-road Co.*, 79 Id. 7.

2. In an action for breach of contract, where the damages are unliquidated, and depend upon what the jury shall find the plaintiff has suffered under the evidence, he cannot be required to fix such damages in a bill of particulars.

3. A news company agreed to distribute a daily hotel register for the publishers, and, after entering upon the performance of the contract, made default. In a suit by the publishers the declaration counted on the contract, and its breach, and averred that by reason thereof the plaintiffs had lost the profits on advertising contracted for, and had been prevented from making contracts for advertising in process of negotiation, and that their business had been destroyed, and that they had been prevented from selling or leasing, or in any way disposing of, their property. And it is held that plaintiffs' bill of particulars need only give the names of the parties with whom they had contracted and were negotiating to contract, and the terms of the completed contracts, and the damage sustained by being prevented from performing such contracts, and that claimed by being prevented from performing the contracts in process of negotiation.

4. The fact that a case has been twice tried, without a bill of particulars of the damages sought to be recovered under a special declaration, will not prevent the ordering of one for the third trial as a means of facilitating such trial by confining the range of the proof within defined limits, and preventing plaintiff from bringing forward new items to the surprise of the defendant.

*Mandamus.* Submitted April 14, 1891. Denied April 15, 1891.

Relators applied for *mandamus* to compel respondent to vacate an order requiring them to furnish a bill of particulars. The facts are stated in the opinion, and in 78 Mich. 217.

*Sands F. Moore,* for relators.

*Moore & Canfield,* for respondent.

PER CURIAM. This is an application for a *mandamus* to compel the circuit judge to vacate an order requiring the plaintiffs to furnish to defendant a bill of particulars of their demand.

The action is *assumpsit,* and the declaration is special, and sets up a contract between plaintiffs and the Union News Company of New York, by which, for $35 a month, defendant would distribute a paper published by plaintiffs, called "The Daily Hotel Register," on 11 specified trains running into Detroit daily, Sundays excepted; that the undertaking to publish the Register was a new one, and depended upon the advertising patronage of the business public for its financial success; that, based upon the contract with defendant for the distribution of the Register, plaintiffs entered into contracts for advertising. They printed the paper, and defendant commenced the distribution, but after a short time refused to further carry out the contract, by which refusal plaintiffs lost—

1. The profits on the advertising already bargained for.
2. That they were prevented from making other contracts for advertising which were then in the course of negotiation.
3. Their business was entirely destroyed, and they were prevented from selling or leasing, or in any way disposing of, their property.

The case has been twice tried in the circuit court for the county of Wayne. Upon the first trial the judge

directed a verdict for the defendant, which was reversed by this Court. *Van Vranken v. News Co.*, 78 Mich. 217. The second trial resulted in a verdict for plaintiffs, which the circuit court set aside, and granted a new trial. After the case had been set for trial at a certain day, and was about to be reached, the defendant moved the court to direct the plaintiffs to furnish a bill of particulars, which motion, upon argument, was granted, on the ground—

"That a bill of particulars should be made in arriving at the question of damages, which is the real important question in the case, and that the damages recoverable should be fixed and determined, and be not in any way speculative, or rest in the caprice of a jury, should such question be submitted to them."

In an action for breach of contract, where the damages are unliquidated, and depend upon what the jury shall find the plaintiff has suffered under the evidence, the party cannot be required to fix such damages in a bill of particulars. Ordinarily, the granting of the order requiring a bill of particulars would not be reviewed or disturbed. But this Court will correct the action of the trial court, if it goes beyond what is properly required to be stated in a bill (*Hamilton v. Ingham Circuit Judge*, 84 Mich. 393); and in this case, if the requirement is to be such as is indicated in that portion of the return above quoted, it goes too far, and plaintiffs are not required to comply with that part. All that they can be required to do under the order is to specify with whom they have contracted for advertising, the length of time the contracts were to run, and the damage claimed by them in being prevented from performing them; and upon the trial they will not be confined to the exact amount fixed, but may recover any amount they can prove to the satis-

faction of the jury, not exceeding the amount claimed. They should also specify with whom they were negotiating for contracts, and the damage claimed by being prevented from fulfilling them. It appears to be impracticable to specify more particularly the demand under the third element of damage claimed than is specified in the declaration, and no further bill should be required as to those elements of damages.

We shall deny the motion, but from the language of the return, and to prevent a misconception and a further application in the future, we have considered it proper to state what the plaintiffs are required to do in compliance with the order.

It is claimed that, the case having been twice tried, the defendant is fully apprised of the nature and extent of the demand against it. The court below was of the opinion that, although this was so, a bill of particulars would facilitate the trial. This we think is evident, as it will confine the range of proof within defined limits. Besides, without a bill of particulars, there is nothing to prevent the plaintiffs from bringing forward new items, not embraced in the former trial, to the surprise of the defendant. No costs will be allowed either party on this motion.