O’BRIEN, J.
—The action is brought by a foreign corporation upon a judgment, and the defense consists of a counterclaim for damages resulting from the nonpayment of checks drawn by defendant upon the plaintiff, and the protest of such checks ; 'defendant having on deposit with the plaintiff, at the time, funds in an amount more than sufficient to meet the checks. The answer contains a list of parties with whom defendant had dealt, and who curtailed his credit after dishonor of the checks. The allegation of damage is :
“ That, by reason of the refusal of the plaintiff to honor and pay said checks, the credit and reputation of the defendant was injured, and the individuals and firms mentioned in the schedule thereto annexed * * * curtailed the credit theretofore extended by them to him; and the defendant ivas thereby subjected to expense, and deprived of the profits which he would otherwise have made by a continuance of such dealing, and was otherwise injured in his credit and reputation, to his damage in the sum of $25,000.”
The order appealed from required the defendant to give—
“ The items and- particulars of the damages claimed in the answer to have been suffered by the defendant in his credit by reason of the alleged dishonor of the checks set forth in said answer, and that said defendant also give the items of any alleged expenses he may have been put to by such dishonor, and also the amounts which defendant claims to have lost by reason of persons refusing to do business with him in consequence of such alleged dishonor.”
• As to the first, viz. the items and particulars of the damages to the defendant’s credit,—these being general damages,—“ It is no part of the office of a bill of particulars to state the elements which may enter into the general damage which may *1225 be recovered in such an action.” Stokes v. Stokes, 12 Hun, 312; 55 S. R. 111.
2. As to the item of any expenses to which defendant may have been put by the dishonor of his checks: As there was no such allegation in the answer, and the defendant did not claim them, it was unnecessary to give them; there being a clear distinction between an allegation of expense connected with dishonor of checks, and that in the answer, which relates to expense by reason of the curtailment of credit. If particulars of the latter had been asked, they might properly have been ordered.
3. As to the amounts which the defendant claims to have lost by reason of parties refusing to do business with him: Here, again, we find a misapprehension as to the allegation in the answer, which was not of any amouitt lost, but of profits of which the defendant was deprived, and which he could have made by a continuance of his dealings with the" parties named in the schedule. But, even if we regard it as equivalent to an allegation of loss of business, “ it does not thereby become the subject of a bill of particulars.” Lane v. Williams, 31 Hun, 389. The claim of defendant is for injury to his credit and Teputation, and the items of damage are diyided into three 'divisions,—general damage, loss of business, and loss or ■expense occasioned by curtailment of credit. What items in respect to such damages might be claimed are pointed out in Peabody v. Cortada (Sup.), 18 N. Y. Supp. 622.
We think the order appealed from is erroneous, and should be reversed, with $10 costs and disbursements.
All concur.