(58 App. Div. 530.)

BOLOGNESI et al. v. HIRZEL et al.

(Supreme Court, Appellate Division, First Department.   March 22, 1901.)

PLEADING—PRAYER FOR GENERAL DAMAGES—BILL OF PARTICULARS—RIGHT OF DEFENDANT.

   Plaintiffs alleged that defendants were general agents of a steamship company, and that defendants engaged plaintiffs to conduct the passenger business of the company, and gave them the exclusive control of such business, and agreed to pay them one-half of the commission received by defendants as general agents, and that defendants, in violation of the agreement, refused to allow plaintiffs to continue to conduct the passenger business, whereby plaintiffs were damaged in the sum of $25,000. Held, that the contention that defendants were entitled to a bill of particulars, specifying the items composing the alleged damages, because the allegations were broad enough to include special damages, cannot be sustained, since the complaint asked only general damages, and nothing more could be recovered.

Appeal from special term, New York county.

Action by Alesandro Bolognesi and others against Charles F. Hirzel and others. From an order requiring plaintiffs to furnish a bill of particulars or to stipulate that they would confine their claim to general damages, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Lewis C. Freeman, for appellants.
Alfred J. Talley, for respondents.

RUMSEY, J.   The action is brought to recover damages for the breach of a contract.   The complaint alleges that the defendants were the general agents in the United States of the Navigazione Generale Italiana, a steamship company running lines between ports of Italy and New York; that they made a contract with the plaintiffs by which the plaintiffs were to take sole and exclusive charge of the passenger business of the steamship company, and do various things connected therewith; and the defendants agreed to pay them one-half of the commission of 5 per cent., which the steamship company allowed to the defendants as general agents.   It is alleged that on the 1st of February, 1900, the defendants, in violation of the agreement, refused to permit the plaintiffs to continue to act as such agents under it, and that since that time the defendants have acted as such in the place of the plaintiffs.   The thirteenth clause alleges that, by reason "of the conduct of the defendants and their breach of said agreement, the plaintiffs have and will suffer damages in the loss of commissions that they could have and would have made under said agreement, and their disbursements and expenses, amounting altogether to the sum of $25,000."   The defendants demand a verified copy of the items and amounts of which the damages are composed,

and a statement of the names of the persons, with their places of business, the times when and the places where and the nature of the transactions in connection with which said amount is claimed to have been lost. Upon the argument it was claimed by the defendants that this allegation of the complaint might possibly be broad enough to permit the plaintiffs to recover special damages. The plaintiffs, on the contrary, insist that they only ask for and would only be allowed to recover general damages under the thirteenth clause, and that, therefore, the defendants had no right to a bill of particulars. We think that the contention of the plaintiffs is correct.

By the terms of the contract, the compensation which the plaintiffs were to receive for their services was fixed at one-half of the commissions which the steamship company paid to the defendants as general agents. That was the extent of their right to recover, and all that they could be entitled to under the contract, and, in the absence of some facts tending to show that they lost something else than those commissions, it is clear that for a breach of the contract they could recover only the commissions which they would have received if they had been permitted to continue under it, together with such necessary expenses as they were put to because they were no longer permitted to do the work the contract authorized them to do. Therefore, as the plaintiffs ask nothing more than what necessarily arises from the breach of the contract because the defendants have received what the plaintiffs would have received, no reason appears why the bill of particulars should be ordered. Bank v. Hand, 9 App. Div. 614, 41 N. Y. Supp. 823.

But it is said that the defendants are entitled to a construction of this allegation of the complaint so that they shall not be surprised on the trial. We are not aware of any practice which permits a party to apply at special term for a construction of the pleadings which shall be binding upon the judge who tries the case upon the issues of fact, and, if that were the only reason why this motion was made, clearly it should have been denied. But, passing that point, we put our reversal of the order upon the ground that the complaint asks only for general damages, and for that reason the defendants were not entitled to a bill of particulars.

The order, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.