## OTTO HUBER BREWERY v. SIEKE.

(Supreme Court, Appellate Division, Second Department.   October 20, 1911.)

1. PLEADING (§ 319*)—BILL OF PARTICULARS—COUNTERCLAIM—"CLAIM."

    The word "claim," as used in Code Civ. Proc. § 531, which provides that the court may upon notice direct a bill of particulars of the claim of either party to be delivered to the adverse party, includes not only matters which are effective only as a defense, but matters set forth in an answer by way of counterclaim.

    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 319.*

    For other definitions, see Words and Phrases, vol. 2, pp. 1202–1211; vol. 8, p. 7604.]

2. PLEADING (§ 146*)—COUNTERCLAIM FOR DEFENSE.

    There is a distinction under code pleading between a defense and a counterclaim, and, when new matter is set up as an answer which may be either, it will be treated only as a defense unless characterized as a counterclaim.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294–296; Dec. Dig. § 146.*]

3. PLEADING (§ 323*)—APPLICATION FOR BILL OF PARTICULARS—ORDER.

    Defendant in an action on a contract pleaded defenses and also set up a counterclaim for damages, and a demand served by plaintiff for a bill of particulars stated that such bill was required by defendant's counterclaim and specified five subjects upon which particulars were demanded, only two of which related to the counterclaim. The notice of motion specified a bill of particulars in compliance with the demand served, and the mandatory part of the order specified five subjects as to which a bill should be furnished, but did not characterize them as being matters included only in the counterclaim. Held, that the specific statement of the matters concerning which particulars were sought controlled the general statement that these were included in the counterclaim and that there was no ambiguity in the terms of the order.

    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

4. PLEADING (§ 319*)—BILL OF PARTICULARS—PARTICULARS AS TO DAMAGES.

    While in a proper case particulars of special damages resulting from the breach of a contract may be required, a party claiming general damages for a breach of contract cannot be compelled to specify the particulars thereof, and where the answer in an action for breach of contract alleges damages, as to which defendant is required to furnish particulars, and further alleges general damages, the plaintiff is not entitled to an order requiring defendant to furnish an itemized statement as to the whole of the damages claimed.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 970; Dec. Dig. § 319.*]

Appeal from Special Term, Kings County.

Action by the Otto Huber Brewery against Charles A. Sieke. From an order granting plaintiff's motion for a bill of particulars, defendant appeals. Modified and affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

John G. Snyder, for appellant.

Frank Obernier, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J. This appeal is from an order requiring the service of a bill of particulars as to certain matters set up in defendant's answer. The complaint alleges that on September 26, 1905, defendant made and delivered to plaintiff a chattel mortgage to secure payment of the sum of $6,500, and that this mortgage was subsequently duly foreclosed, resulting in a deficiency of $4,071.89, for which sum judgment is demanded.

The answer sets up several so-called defenses pleaded only as such, and in addition a counterclaim to the effect that on September 25, 1910 (sic), as an inducement to defendant to enter into the "saloon and café business at 1407 Broadway, borough of Brooklyn," plaintiff promised and agreed to procure for him a lease of (for) five years from September 1st, 1910, at an agreed rental of $166.33 per month. By the eighth paragraph of said answer it is further alleged that, relying upon said promises and agreements, defendant "entered into said business and spent the sum of twenty-five hundred dollars ($2,500) in repairs, fittings, and preparation of the conduct of such business for a period of ten years from such date; and, further relying upon such representations and agreements by said plaintiff, he signed such chattel mortgage and entered into possession of such place and expended such sums, and that the plaintiff has wholly failed to carry out its promises and agreements as alleged in this paragraph, and he has been damaged in the sum of six thousand dollars ($6,000)."

[1] Upon application in any case the court may, upon notice, direct a bill of particulars of the claim of either party to be delivered to the adverse party. Code of Civil Procedure, § 531. The word "claim" is sufficiently broad to include not only matter set forth in an answer by way of counterclaim, but also that which is effective only as a defense. Kelsey v. Sargent, 100 N. Y. 602, 3 N. E. 795; Spitz v. Heinze, 77 App. Div. 317, 79 N. Y. Supp. 187; Reader v. Haggin, 123 App. Div. 489, 107 N. Y. Supp. 963.

[2] There is a distinction under our code pleading between a "defense" and a "counterclaim," and, when new matter is set up as an answer which may be either, unless characterized as a counterclaim it will be treated only as a defense. Equitable Life Assurance Society v. Cuyler, 75 N. Y. 511; Rice v. Grange, 131 N. Y. 149, 30 N. E. 46; Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 324, 88 N. E. 395.

[3] In the demand served upon the defendant for a bill of particulars it was stated that such bill was required by defendant's alleged counterclaim. This was followed, however, by a specification of five subjects upon which particulars were demanded, only two of which related to matters treated as a counterclaim. The notice of motion specified, as the relief asked for, a bill of particulars in compliance with the demand served, and the mandatory part of the order specifies five subjects in respect to which a bill of particulars should be furnished, but does not characterize these as being matters included only in that portion of the answer which sets up a counterclaim. We think that the specific statement of the matters concerning which particulars were sought controls the general statement that these were included in the

counterclaim, and that defendant could not possibly have been misled by the form of the demand and notice of motion, and there is no ambiguity in the terms of the order. With one exception, we think that plaintiff was entitled to the relief granted. By the fifth paragraph of the order appealed from, defendant was required to furnish "an itemized statement showing in itemized detail the respect in which defendant claims, as alleged in said paragraph viii, damages in the sum of six thousand ($6,000) dollars."

[4] While in a proper case particulars of special damage may be required (Smith v. Bradstreet Co., 134 App. Div. 567, 119 N. Y. Supp. 487; United States Paper Co. v. De Haven, 115 App. Div. 403, 100 N. Y. Supp. 796), when the damages resulting from the breach of a contract are general and not special, it is not proper to compel the party claiming them to specify the particulars thereof. Commercial Nat. Bank v. Hand, 9 App. Div. 614, 41 N. Y. Supp. 823; Bolognesi v. Hirzel, 58 App. Div. 530, 69 N. Y. Supp. 534; Radcliffe v. New York Cab Co., Limited, 134 App. Div. 450, 119 N. Y. Supp. 251. Unless the allegations of the answer with regard to the expenditure of $2,500 in repairs, fittings, and preparation for the conduct of such business for a period of 10 years is a sufficient allegation of special damage resulting from a breach of the agreement on plaintiff's part to procure defendant a lease, there is no allegation of such damage. Beyond that, the damages are general only. But by a previous clause of the order defendant had been required to furnish an itemized statement showing the kind and quantity of repairs, fittings, and preparations, and an itemized statement of the cost and expenses thereof. This was all that plaintiff was entitled to on the subject of damages.

The order should be modified by striking out the fifth paragraph thereof, and as so modified should be affirmed, without costs. All concur.