(76 Misc. Rep. 18.)

CHARLES P. BOLAND CO. v. EMMA WILLARD SCHOOL.

(Supreme Court, Special Term, Albany County. March, 1912.)

1. PLEADING (§ 313*)—BILL OF PARTICULARS—DISCLOSURE OF EVIDENCE.
   A motion for a bill of particulars, requiring plaintiff to disclose its evidence, will not be granted.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS—ELEMENTS OF DAMAGES.
   Plaintiff should not, on motion for bill of particulars, be required to state the elements which enter into its claim for general damages.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

3. PLEADING (§ 320*)—BILL OF PARTICULARS—ACTION ON BUILDING CONTRACT.
   In an action on a building contract, where the pleadings show that each of the parties is generally familiar with the claims of the other to such an extent that the defendant cannot be seriously surprised or embarrassed, its motion for a bill of particulars, requiring plaintiff to furnish particulars with respect to over 40 different phases of the controversy, will not be granted.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. § 320.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PLEADING (§ 317*)—BILL OF PARTICULARS—ACTION ON BUILDING CONTRACT.

In an action on a building contract which provides that, should the contractor be delayed by the act or default of the owners, architects, or any other contractor employed by the owners, the time for the completion of the work shall be extended for a period to be determined by the architects, but no such allowance shall be made unless a claim is presented to the architects within 48 hours of the delay, where the complaint, after alleging that plaintiff substantially performed the contract, alleges such delays as an excuse for nonperformance, and the delays are included in plaintiff's claim for damages, plaintiff will be required to furnish a bill of particulars as to the delays.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Action by the Charles P. Boland Company against the Emma Willard School. On motion by defendant for bill of particulars. Granted.

Douglas & Gordon (D. Cady Herrick, of counsel), for the motion.
Thomas S. Fagan (Wm. J. Roche, of counsel), opposed.

CHESTER, J. The defendant moves for a bill of particulars of the plaintiff's claims. In the amended complaint three causes of action are alleged: First, for a balance claimed to be due from the defendant under a building contract for the erection by the plaintiff of a school building, a residence hall, and a gymnasium for the defendant; second, for extra work and materials on such buildings; and, third, for damages for alleged delays caused to the plaintiff in the prosecution of the work by the alleged defaults of the defendant and its architects and by other contractors with the defendant.

[1, 2] Much of the defendant's claim for particulars would, if granted to the extent asked, require the plaintiff to disclose its evidence. This it should not be required to do. Morrill v. Kazis, 8 App. Div. 304, 40 N. Y. Supp. 954; Jewelers' Mercantile Agency v. Jewelers' Weekly Pub. Co., 66 Hun, 40, 20 N. Y. Supp. 749; Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671. Nor should the plaintiff be required to state the elements which enter into its claim for general damages. Commercial National Bank of Chicago v. Hand, 9 App. Div. 614, 41 N. Y. Supp. 823; Bolognesi v. Hirzel, 58 App. Div. 530, 69 N. Y. Supp. 534; Radcliffe v. New York Cab Co., 134 App. Div. 450, 119 N. Y. Supp. 251.

[3] The pleadings are very voluminous. The amended complaint sets forth the plaintiff's claims with a considerable degree of particularity. The amended answer, besides alleging the various defenses in great detail, sets up 8 different counterclaims against the plaintiff growing out of the work, each of which counterclaims is replied to at great length. These pleadings show that each party is generally familiar with the claims of the other with respect to the matters in controversy between them, yet the defendant in its notice of motion asks the court to require the plaintiff to furnish particulars with an unusual degree of minuteness with respect to 46 different phases of the controversy, most of which, as appears by the pleadings and the papers used upon the motion, are wholly familiar to both parties. The particulars re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quested cover 42 folios of the notice of motion. The granting of the motion to its full extent would not, in my opinion, serve any good purpose or aid in promoting justice between the parties. The case is of such a nature that it will undoubtedly have to be tried before a referee, and, if it is so tried, the defendant could not be seriously surprised or embarrassed upon the trial if its motion should be denied.

[4] Yet upon one important phase of the case I think it is fairly entitled to have the particulars of the plaintiff's claim furnished, and that such a course will serve to keep the proof upon that subject within more reasonable limits than if the trial proceeded without such particulars. In the first cause of action it is alleged that the plaintiff "substantially" performed the contract, and the plaintiff alleges as an excuse for nonperformance delays caused by the architects, defendant's contractors, and employés, and these alleged delays are also included in the plaintiff's claim for damages in its third cause of action. The contract contains a clause providing that:

"Should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owners, of the architects, or of any other contractor employed by the owners upon the work, * * * then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid, which extended period shall be determined and fixed by the architects; but no such allowance shall be made unless a claim therefor is presented in writing to the architects within 48 hours of the occurrence of such delay."

Because of this provision, and of the many causes for delay alleged in the complaint, I think the plaintiff should be required to give the defendant a bill of particulars stating the act, neglect, or default of the owners, of the architects, or of any contractor other than the plaintiff employed by the defendant upon the work, which the plaintiff claims delayed it in the prosecution or completion of the work, stating at what time each alleged delay was caused, its duration, and the name of the person who, or corporation, which, caused such delay, and further stating the date when, and what, if any, claim or claims were presented in writing to the architects with respect thereto.

The plaintiff has already furnished the defendant particulars with respect to the claims for extra work and materials, and I understood upon the argument that this branch of the motion was withdrawn from the consideration of the court.

The defendant's motion is granted to the extent above indicated, with $10 costs to abide the event.

Motion granted.