RHINELANDER REFRIGERATOR CO. v. ROTHENBERG et al.

District Court, E. D. Michigan, S. D.

No. 8227.

1. Pleading ⊙⟶319—Bill of particulars granted to furnish information as to defendant's expenses from plaintiff's invasion of his sales territory, but not to specify persons to whom defendant was prevented from selling.

A defendant, filing a counterclaim for general damages caused by invasion of his trade territory by plaintiff, in violation of contract, and for expenses incurred in preparing for the trade, may be required by bill of particulars to furnish information as to the expenses, but not to specify persons to whom he was prevented from making sales.

2. Pleading ⊙⟶320—Bill of particulars will not be granted to require information within knowledge of movant.

Bill of particulars will not be granted to require information within knowledge of moving party.

At Law. Action by the Rhinelander Refrigerator Company against Max Rothenberg and others. On motion by plaintiff for bill of particulars as to counterclaim. Granted in part.

Finkelston, Lovejoy & Chilson, of Detroit, Mich., for plaintiff.

Geo. E. Brand, of Detroit, Mich., for defendants.

DAWKINS, District Judge. Plaintiff brought this suit upon account as for goods and merchandise sold and delivered to defendants. In their answer, in addition to certain special defenses, defendants claim that plaintiff is indebted to them by way of set-off and recoupment in a large sum, greatly exceeding that of plaintiff's demand.

The basis of the claim for damages is that plaintiff had entered into a contract with defendants, by which the latter were given the exclusive right to sell refrigerators, of a certain class manufactured by the plaintiff, in the city of Detroit, and used in apartment houses. The claim is for alleged profits which defendants would have made, and for expenses incurred in preparing to do business. They claim that the plaintiff, after making this agreement, itself invaded this territory and sold the same class of refrigerators to such an extent as to practically destroy the business of defendants. They pray for judgment for sums aggregating several thousand dollars as the profits which would have been made and for the expenses incurred.

[1] Plaintiff has moved for a bill of particulars, and asked that defendants be compelled to give the dates, amounts, and persons with whom the sales could have been made in detail.

In reply, defendants say that it is impossible in the nature of things for them to be more specific; that the claim is one for general damages, and under the practice of the state of Michigan they do not have to furnish particulars in support of such claims, but are permitted to recover such amounts as they are able to prove. Plaintiff contends that the action is one for special damages and must be specific. My conclusion is that, in so far as the claim for expenses incurred in preparing to do business, the defendants will have to furnish a bill of particulars, for they certainly should know what amounts have been expended on that account.

As to the item of damage, I am of the view that they are general in their nature, and it would be impossible for the defendants to show specifically in a business of this kind what particular customers could have been had, but for the entering of the field by plaintiff, as alleged. However, this would not preclude them from recovering damages, provided their proof could be made sufficiently clear that they had previously been doing a good business, and that the same had been reduced or injured by plaintiff's conduct. If the contract is binding, and plaintiff has sold the same class of refrigerators, which defendants allege they had the exclusive right to handle, then it would seem that they are entitled to whatever profits were made thereon, if they can show that they would have reasonably done this same business.

[2] I think it scarcely necessary to suggest that plaintiff needs no information from defendants to determine what it has done in this direction, or the number of refrigerators it has sold, for the reason that the facts are all in its possession and a part of its own records. The purpose of a bill of particulars is to give the one demanding it sufficient

information to permit a proper defense, so that it may not be surprised at the trial and be prepared with its evidence. Van Vranken v. Gartner, 85 Mich. 140, 48 N. W. 499; Commercial Bank v. Hand, 9 App. Div. 614, 41 N. Y. S. 823; Brauer v. Oceanic Co., 26 App. Div. 623, 49 N. Y. S. 937; Bolognesi v. Hirzel, 58 App. Div. 530, 69 N. Y. S. 534; Otto Huber Brewery v. Sieke, 146 App. Div. 467, 131 N. Y. S. 271.

I do not believe the circumstances of this case are such as to warrant me in going further than directing the filing of particulars as to the items of expense which the defendants claim. A decree in accordance with these views may be presented.