McREYNOLDS et al. v. LOUISVILLE TAXICAB & TRANSFER CO., Inc.
No. 429.

District Court, W. D. Kentucky.
June 30, 1942.

Robert E. Hogan and Bernard H. Barnett, both of Louisville, Ky., for plaintiffs.

Thos. A. Ballantine and Carroll, McElwain & Ballantine, all of Louisville, Ky., for defendant.

MILLER, District Judge.

The complaint alleges that the plaintiffs at all the times mentioned were employed by the defendant in interstate commerce, and were not paid the minimum wage provided by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., stating in detail the amount in default to the plaintiff Frank McReynolds. This states a cause of action under the Act to which the defendant can file a responsive pleading. Whether or not the evidence will sustain the allegations is an entirely different question. The information which the defendant seeks to obtain by its motion for a bill of particulars is no doubt just as available, if not more so, to the defendant as it is to the plaintiffs. It is essentially the facts which the plaintiffs will offer in evidence in support of their allegations. There is no need to encumber the pleadings with a statement of the evidence. If the defendant really needs the information to properly prepare its case it can be easily obtained by the use of Rules 26, 33, and 36 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Its motion for a bill of particulars is overruled.

Defendant has moved to strike from the complaint the allegations referring to plaintiffs other than Frank McReynolds. Such a class action is specially provided for by the Act. See Shain v. Armour & Co., D. C., 40 F.Supp. 488. The complaint alleges that they are similarly situated to McReynolds, and if the evidence sustains that allegation (if it is denied by the defendant) they stand or fall along with McReynolds with respect to existence or nonexistence of liability on the part of the defendant. If liability exists the question of the amount of recovery by plaintiffs other than McReynolds can probably be reached by agreement as it is largely a question of computation from documentary evidence, but if it can not be disposed of in that way it can be decided in supplemental proceedings in this action. If the evidence does not sustain the allegation that the other plaintiffs are similarly situated to McReynolds, they will be dismissed from this proceeding without it being necessary to consider the question of amount of recovery. This procedure will no doubt materially lessen the amount of litigation which would otherwise have to be disposed of in this action, and is, I believe, in accord with the purpose of the Act in providing for a class suit. To hold otherwise, as contended for by the defendant, would largely defeat the benefits to be derived from such a class action.

Defendant also moves to strike from the complaint certain allegations pertaining to acts of the defendant in carrying on its business, which the plaintiff claims constitutes interstate commerce. Defendant contends that these allegations are not sufficient to constitute interstate commerce and are therefore irrelevant. Whether or not the defendant's activities constitute interstate commerce is a question which will have to be decided at the close of the plaintiff's evidence, which will not be limited to the specific acts now under attack since the complaint alleges generally, in addition to the specific acts referred to, that the defendant and the plaintiffs were engaged in interstate commerce. The question is prematurely raised by the motion to strike.

Defendant's motions to strike are overruled.