78

## BOWLES v. RAGNER et al.
### Civ. A. No. 4974.

District Court, W. D. Pennsylvania.
Jan. 31, 1946.

Thomas F. Garrahan, of Pittsburgh, Pa., for plaintiff.

Thomas Lewis Jones, of Pittsburgh, Pa., for defendants.

GOURLEY, District Judge.

This is a civil action under the Emergency Price Control Act of 1942, Section 4(a), as amended, 56 Stat. 23, 765, 57 Stat. 566, Public Law 383, 78th Cong., 58 Stat. 632, Public Law 108, 79th Cong., 59 Stat. 306, 50 U.S.C.A.Appendix, §§ 904(a), 901 et seq.; Executive Order 9250, 50 U.S.C.A.Appendix, § 901 note, 7 F.R. 7871, and Executive Order 9328, 50 U.S.C.A.Appendix, § 901 note, 8 F.R. 4681, by Chester Bowles, Price Administrator of the Office of Price Administration, the plaintiff, against George O. Ragner and William O. Ragner, individually and doing business as copartners under the trade name of Ragner Brothers, Pittsburgh, Allegheny County, Pennsylvania, Defendants.

It is averred that the defendants have violated Maximum Price Regulation No. 134, as amended (7 F.R. 3203 et seq.), and to enjoin the defendants from violating the provisions of Maximum Price Regulation No. 134 in accordance with the provisions of Section 2 of the Act, and pursuant to Section 205 (a) of the Act, and to furthermore enforce compliance with Section 4(a) of the Act, the complainant demanded that:

1. That the defendants be directed to establish and file the maximum prices for operating and maintenance services on

construction or road maintenance equipment leased or furnished.

2. That the defendants be restrained from receiving payment for operating and maintenance services on construction or road maintenance equipment leased or furnished for use before establishing a maximum price.

3. That the defendant be restrained from leasing or furnishing for use construction or road maintenance equipment at prices in excess of the maximum prices therefor.

4. That the defendants be restrained from doing or omitting to do or attempting to do or agreeing to do anything in violation of Maximum Price Regulation No. 134, or in violation of any regulation or order issued pursuant to the Act establishing maximum prices for the leasing or furnishing for use any construction or road maintenance equipment.

The defendants within the period of time provided under the Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following Section 723c, filed a motion for a bill of particulars, and alleged certain difficulties in the complaint and aver that the allegations set forth therein are general in nature and more particularly defective as follows:

"First: The Bill of Complaint does not in any manner whatsoever state the times, places, occasions or parties with whom the defendants allegedly dealt and wherein the regulations referred to in the said Bill were violated by the defendants or any agents thereof.

"Second: Although the plaintiff alleges that the defendants violated the regulations pertaining to the renting and leasing of road maintenance equipment, Paragraph 9 of the Bill of Complaint states that the plaintiff is unable to determine whether the defendants' charges are or are not in excess of the maximum price established by the provisions of the Office of Price Administration."

"Third: The Bill of Complaint is so indefinite and uncertain as to make it impossible for the defendants to answer the said Bill."

It appears that the complaint in general language charges a violation by the defendants of the regulations adopted incident to the Emergency Price Control Act, and fails to specify how or in what respect the defendants violated the provisions of said Act, or the regulation incident thereto, during the period from October 1, 1944 to and including July 13, 1945. The defendants have moved for a bill of particulars asking that the complainant state the times, places, occasions or parties with whom the defendants allegedly dealt and wherein the regulations referred to in the said bill of complaint were violated.

The defendants further contend that Paragraph 9 of the bill of complaint is indefinite for the reason that the complainant avers that it is unable to determine whether defendants' charges for operating and maintenance services are or are not in excess of the maximum prices established by the provisions of Regulation No. 134, and request that the complainant set forth the charges which were made by the defendants to the person or persons with whom the defendants had business dealings during the period of time complained of.

At the time of hearing, the complainant contended that the information requested by the defendants in their bill of particulars was peculiarly within defendants' knowledge and, as a result thereof, the defendants in their answer can make a general denial to the allegations and that, under the circumstances, the request made by the defendants is unnecessary or without merit. The complainant further contends that it has complied with the Federal Rules of Civil Procedure, respecting general rules of pleading in grafting its complaint, and that it should not be met with a motion for a more definite statement or for a bill of particulars, Rule 8 (a).

It is well settled that the granting of a refusal of a motion for a bill of particulars rests in the sound discretion of the court, and that all pleadings should be so construed as to do substantial justice. Federal Rules of Civil Procedure, Rule 12(e), 28 U.S.C.A. following Section 723c; Federal Rules of Civil Procedure, Rule 8 (f).

It is apparent that a speedy, just and inexpensive trial cannot be had merely by filing a notice of claim, and then resorting to an indefinite and expensive procedure of discovery and depositions. Although the information sought by the defendants in the bill of particulars can also be obtained by interrogatories, there is

no valid reason for denying defendants' motion if the particulars sought are properly within the purpose of Civil Procedure Rules. Federal Rules of Civil Procedure, Rule 12 (e), 28 U.S.C.A. following Section 723c; Flemming, Administrator of Wage and Hour Division, Department of Labor, v. Southern Kraft Corporation, D.C., 37 F.Supp. 232.

Although the knowledge requested by the defendants is purely within the defendants' knowledge, the complainant, under its broad inquisitorial powers, has the power and the authority to obtain any information which might be required.

 The complainant also asks for a permanent injunction in which the defendants would be directed or enjoined from doing or failing to do certain acts or things which are provided for by the Emergency Price Control Act. If such relief is granted, it must be granted because of specific acts and, therefore, specific acts must be alleged as the basis upon which the relief will be granted. 28 U.S.C.A. § 383; Flemming, Administrator, Wage and Hour Division, U. S. Department of Labor, v. Dierks Lumber & Coal Company, D.C., 39 F.Supp. 237.

It is, therefore, the opinion of this court that the complainant in this case should so amend his complaint that the complaint sufficiently sets forth the time, places, occasions, or parties with whom the defendants allegedly dealt and wherein the regulations referred to were violated during the period from October 1, 1944 to and including July 13, 1945. It is the further opinion of this court that the defendants are entitled to be informed as to the charges which it is contended have been made by the defendants during the period of time complained of, in order that the defendants can be informed as to the overcharge alleged to have been made.

It is, therefore, believed that the complainant should file an amended complaint and in its preparation thereof set forth in what manner the defendants violated the provisions of Regulation No. 134 during the period from October 1, 1944 to and including July 13, 1945, by setting forth the times, places, occasions and parties with whom it is alleged the defendants dealt and wherein the regulations were violated by the defendants or any of their agents.

It is difficult to foresee how the court can grant a restraining order against the defendants for violating certain provisions of the Emergency Price Control Act if the specific acts alleged as the basis upon which relief is requested by the complainant are not set forth in detail, and with said information being made available to the defendants, it will then be possible for them to prepare a responsive pleading and generally prepare for trial and, as a result thereof, the issues will be made definite and will save considerable time when the case is assigned for trial.

In the amended complaint, the complainant should furthermore set forth the charges made by the defendants during the period of time from October 1, 1944 to and including July 13, 1945, wherein it is claimed that the defendants have violated the Maximum Price Regulations as provided by law. Bowles, Price Administrator, v. Jacobson et al., D.C., 4 F.R.D. 447; Bowles, Administrator, Office of Price Administration, v. National Erie Corporation, D.C., 3 F.R.D. 469; and Flemming v. Stillman, et al., D.C., 37 F.Supp. 236, 237.

The court, therefore, grants the motion for a bill of particulars which is prayed for by the defendants, and an appropriate order will be filed with this opinion.