WALLING, Adm'r, Wage and Hour Div., Department of Labor, v. WYANDOTTE FURNITURE CO.

No. 4457.

District Court, W. D. Missouri, W. D.

Dec. 26, 1946.

William S. Tyson, Sol., U. S. Department of Labor, of Washington, D. C., Reid Williams, Regional Atty., and John A. Weiss, Atty., U. S. Department of Labor, both of Kansas City, Mo., for plaintiff.

W. F. Wilkinson and W. Raleigh Gough, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question for decision in this case is whether the administrator of the Wage and Hour Division should be required to make his complaint more definite and certain or, in lieu thereof, to furnish the defendant a bill of particulars.

The suit is on the equity side of the court to enjoin the defendant from alleged violations of the Wage and Hour Law. In substance, it is charged that the defendant, as an employer, being subject to the provisions of the Wage and Hour Law since November 1, 1944, "has failed to make, keep and preserve adequate and accurate records of its employees and the wages, hours, and other conditions and practices of employment maintained by it, as prescribed by the said regulations" of the administrator.

1. The motion of defendant seeks an amplification of paragraph 4 of the complaint wherein it is charged that the defendant employs approximately 7 persons at its warehouse at 1809 and 1810 Troost Avenue in Kansas City, Missouri, where such employees are engaged "in the production of furniture, home furnishings and appliances, and in processes and occupations necessary thereto; in ordering, handling, warehousing and receiving said goods from points outside the State of Missouri; in distributing said goods in interstate commerce, both within and without said State; in maintaining records related to the interstate movement of the goods as aforesaid; and in communicating and corresponding with individuals and firms in other states."

By its motion the defendant asks that the plaintiff be required to allege "in detail the names of such employees or a description of their individual duties." Reasons are assigned for this request but they should not be deemed adequate. The defendant is familiar with all of the details requested. It knows who its employees are and precisely what they do. The plaintiff obtained his information from the books of the defendant. And the rule is that such a motion will not be granted where the defendant knows the facts. O-So-Ezy Mop Co. v. Channell Chemical Co., D. C., 230 F. 469; Rhinelander Refrigerator Co. v. Rothernberg, D. C., 24 F.2d 603; McReynolds v. Louisville Taxicab & Transfer Co. D. C., 5 F.R.D. 61. This part of defendant's motion should be overruled.

2. A further complaint is made with respect to the averments of paragraph 4. It is sought to have the plaintiff allege "the exact nature of work done by such employees relied upon by plaintiff within such allegations of the complaint. The averment criticized is the one where plaintiff alleges that such "employees 'are engaged in the production of furniture' and in 'processes and occupations necessary thereto.'" Again, it may be answered that the defendant is entirely familiar with the nature of the work done by its employees.

3. The object of the defendant's motion in this case is to obtain facts. It is a case where the motion for a more definite

statement is the precise equivalent of the motion for a bill of particulars. While ordinarily there is a difference between the two motions, there is no such difference in this case as the defendant asked in his motion either for a more definite statement or for a bill of particulars. The proper office of the bill of particulars is to inform the opposite party and the court of the precise nature and character of the cause of action (49 C.J. p. 623, § 885) or, rather, such is the office of a motion for a more definite statement. In this case the defendant understands from the pleading precisely what the issues tendered by the plaintiff are. It is a single issue. The plaintiff alleges that the defendant is violating the Wage and Hour Law, and the plaintiff seeks to restrain further transgressions of the law. The plaintiff sets forth the business in which the defendant is engaged and names the place and the nature of the business carried on by it.

■ It is only necessary to allege the ultimate facts, and this the plaintiff has done. United States v. Johns-Manville et al., D. C., 67 F.Supp. 291; Medusa Portland Cement Co. v. Pearl Assur. Co., D. C., 5 F.R.D. 332. It is the rule that a motion for a bill of particulars or for more definite statement of the claim shall not be granted if the complaint sets forth a cause of action with sufficient definiteness to enable defendant to frame an answer. Zimmerman v. Fillah, D. C., 5 F.R.D. 80. This is true for the reason that additional details needed by defendant to prepare for trial are obtainable by discovery after issue is joined. As said in International Tag & Salesbook Co. v. American Salesbook Co. Inc., et al., D. C., 6 F.R.D. 45, loc. cit. 48, "A more definite statement or bill of particulars will not be granted under Rule 12(e) [28 U.S.C.A. following section 723c] unless the allegations sought to be particularized are 'not averred with sufficient definiteness or particularity to enable' the defendants properly to prepare their responsive pleading." This case is somewhat similar to Walling v. Staffen, D. C., 5 F.R.D. 236. In the last named case it was pointed out that the office of the bill of particulars is becoming obsolete because of the easily available and effective discovery procedure which the federal rules afford."

The defendant is not entitled to have its motion sustained and same should be and will be overruled.