## SNYDER v. ATCHISON, T. & S. F. RY. CO.
### No. 4631.

District Court, W. D. Missouri, W. D.
March 13, 1947.

Mosman, Rogers, Bell & Field, of Kansas City, Mo., for plaintiff.

John H. Lathrop, Winston H. Woodson, Sam D. Parker and James F. Walsh, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant asks in the body of its motion that, in addition to "requiring plaintiff to make a more definite statement," she be required to "file a bill of particulars in connection with her petition for damages in the above entitled cause."

The specifications sought by the defendant are that the plaintiff be required definitely to state what her position was and in what part of the coach she was riding when she claims to have been injured. It is also requested that she say specifically what her injuries were and that she state greater detail of her earning power. The defendant further says that the averments of the complaint lack such definiteness and particularity as to make it difficult for defendant properly to prepare its responsive pleading or to prepare for trial.

1. As has been frequently stated, the proposed amendments to the rules of civil procedure, already approved by the Supreme Court, 28 U.S.C.A. following section 723c, have greatly modified the original paragraph(e) of Rule 12. The requirement for a bill of particulars will be entirely eliminated. It is proposed by said rule that, "if a pleading * * * is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." The matter of preparing for trial was also stricken out in the proposed rule.

In construing and applying the former or old rule, the courts with negligible exceptions had in effect followed the rule as it will be after the proposed amendment has been ratified or approved by the Congress.

2. Rule 84 relating to forms provides for an appendix of forms. Concerning such appendix, the rule says: "The forms * * * are intended to indicate * * * the simplicity and brevity of statement which the rules contemplate."

Adverting to form 9 of the appendix, after jurisdictional averments, the form postulates: "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway."

In respect of injuries, the averment is: "* * * plaintiff had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars." It was contemplated by the Supreme Court that in this model form there was nothing vague, indefinite, uncertain or ambiguous.

In this case, the plaintiff avers that on a certain date and at a certain time she was traveling as a passenger in one of defendant's coaches and that she was injured by the falling of a door in said coach. To this averment the defendant would experience no difficulty in framing a responsive pleading. All of the information sought

by the defendant can be obtained through the discovery rules. These are in all respects liberal. See Bowles, Adm'r, v. Pure Oil Co., D.C., 5 F.R.D. 300; Walling v. Wyandotte Furniture Co., D.C., 6 F.R.D. 295; Lincoln v. Herr, D.C., 6 F.R.D. 209.

In view of the above, the motion for a more definite statement should be and will be overruled. The defendant will be granted 20 days to plead further.