## TOBIN, Secretary of Labor, v. DAVID WITHERSPOON, Inc.

### No. 2063.

United States District Court
E. D. Tennessee, N. D.
April 1, 1953.

The defendant requests the court to require plaintiff in relation to employee Donaldson, to state specifically, (a) the number of hours that the employee claims to have worked between December 15, 1950 and February 26, 1952; (b) the hourly rate at which the employee claims to have been paid during that period; (c) the amount of remuneration that each employee claims to have received during the work week; (d) the amount the employee claims that was due him for each of the work weeks.

Similar information is requested by defendant in relation to the other two employees that are involved, namely, Dills and Miller.

The information which defendant seeks to obtain is information presumably in defendant's possession. There is no good reason for requiring plaintiff to further lengthen the complaint by incorporating a more detailed statement therein. If defendant is entitled to information from the plaintiff which is not embraced in the complaint and is not within defendant's knowledge, defendant may obtain such information through deposition and discovery rules. See Rules 26 to 37, inclusive, Federal Rules of Civil Procedure, Title 28 U.S.C.A.

Courts have taken different views of motions similar to the one involved in this proceeding. Some have held that such motions should be sustained, while others probably the majority, have held that they should be overruled for one or more of the following reasons, namely, (a) that the movant already has the information sought; (b) that Rule 12(e) is not the proper rule under which to obtain such information; (c) that deposition and discovery rules are the proper rules under which to obtain such information; (d) that if the party pursuing this method is allowed to obtain such information under Rule 12 (e), such course would make the pleadings too prolix and involved, contrary to the spirit and intention of the Federal Rules of Civil Procedure. One important purpose of those rules is to make the pleadings brief, concise and to the point.

Jeter S. Ray, Washington, D. C., David V. Manker and Virginia B. Cowan, Nashville, Tenn., for plaintiff.

Charles E. Rader, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This case is before the court on defendant's motion made under Fed.Rules Civ.Proc. rule 12(e), 28 U.S.C.A., to require plaintiff to make the complaint more specific. The complaint charges that Donaldson, Dills and Miller, employees of defendant were underpaid minimum wages and overtime compensation due them under the provisions of the Fair Labor Standards Act of 1938, as amended. 29 U.S.C.A. § 208 et seq. The periods of time that the employees worked for the defendant, as well as the amount allegedly due each employee, are set out in the complaint.

In support of the views herein stated, see the following: Barrett v. National Malleable & Steel Castings Co., D.C.Pa., 68 F. Supp. 410, 417; Walling v. Wyandotte Furniture Co., D.C.W.D.Mo., 6 F.R.D. 295; Walling v. Black Diamond Coal Mining Co., D.C.Ky., 59 F.Supp. 348; Fleming v. Mason & Dixon Lines, D.C.E.D.Tenn., 42 F.Supp. 230.

For views contra, see Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29; Bowles v. Ragner, D.C.W.D.Pa., 5 F.R.D. 78; Fleming v. Stillman, D.C.M.D., Tenn., 37 F. Supp. 236.

An order will be prepared, overruling the motion.