**FERRY–HALLOCK CO., Inc., v. FROST.**
**No. 471.**

District Court, E. D. New York.
Aug. 21, 1939.

Thomas Howe, of New York City, for the motion.

Gifford, Scull & Burgess, of New York City (Newton A. Burgess, of New York City, of counsel), opposed.

CAMPBELL, District Judge.

This is a motion for a bill of particulars.

Demand 1 thereof is granted to the extent that plaintiff has made profert of the notices in paragraph 4 of the complaint.

Demands 2 to 8 were withdrawn on the argument and therefore require no further consideration.

Demand 9 is properly a subject for interrogatories and therefore is denied.

The plaintiff pleaded generally invalidity and has not alleged any specific patents or public uses.

This is not an action for infringement of a patent, but is an action for a declaratory judgment and therefore I do not think that Section 4920 of the Revised Statutes, Title 35, Section 69, U.S.Code, 35 U.S.C.A. § 69, which is specifically directed to actions for infringements, applies.

Demands 10–15, both inclusive, request information which is necessary not only for defendant's preparation for trial, but also to answer, and are therefore allowed, but as a condition therefor, both parties must exchange in sealed envelopes, the dates of invention of any patent which it will be sought to carry back of the filing date of such patent or patents by either party.

That portion of the demand which calls for debarring the plaintiff from

introducing any evidence at the trial relating to the thing or things about which such particulars are not supplied, is denied. The Rules provide defendants with a remedy in such a case, which is a motion to strike out the pleading. Rule 12(e), Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.