## KUHN v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA et al.

District Court, S. D. New York.
Oct. 18, 1940.

See, also, 37 F.Supp. 102.

Davidson & Davidson, of New York City (Louis B. Davidson, of New York City, of counsel), for plaintiff.

Katz & Sommerich, of New York City (Henry I. Fillman, of New York City, of counsel), for defendants.

HULBERT, District Judge.

There are four motions: (1) to require plaintiff to separately state and number each claim or count in his complaint (Rule 10(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c); (2)

for a bill of particulars (Rule 12(e), Federal Rules of Civil Procedure); (3) to remand, for lack of jurisdiction; and (4) vacating an order giving the defendants additional time to answer.

This case has entailed an unnecessary amount of labor.

It is alleged in the complaint that the plaintiff is a resident of the State of New York; the defendant Pacific Mutual Life Insurance Company of California (hereinafter referred to as defendant No. 1) was a California corporation, and on August 3, 1927, had a place for the regular transaction of business in the Borough of Manhattan, City, County and State of New York where, on that date, it issued a policy of insurance (No. 5550496) to, and thereby insured, the plaintiff; that on or about the 10th day of August, 1932, plaintiff became permanently disabled through a sickness, the nature of which was a continuing ailment and which has afflicted him from that day to this, and still continues to disable him for periods that were alternately total and partial until June 10, 1940, when the said ailment became total and permanent, necessarily causing plaintiff to be disabled in his business, all under the terms and conditions of the policy upon which this suit is based.

After setting forth notice to the defendant (No. 1) and the lapse of the required period under the policy, the complaint alleges there accrued the sum of $6,350 for disability up to and including the 24th day of December, 1934; meanwhile, on or about the 21st day of February, 1934, the defendant No. 1, wrongfully delivered to plaintiff a written notice of the rescinding and cancellation of said policy; that on or about the 24th day of December, 1934, an action was instituted in the New York Supreme Court, County of New York, by the plaintiff against defendant No. 1, and the defendant interposed an answer alleging cancellation and rescission of said policy in accordance with which it had rejected the claim; that on or about February 20, 1940, after trial by the court to a jury, judgment was entered in said action in favor of the plaintiff and against defendant No. 1 for the sum of $8,918.70, and it was further adjudged that plaintiff have judgment upon defendant's counterclaim setting up rescission and cancellation; on or about the 22nd day of July, 1936, defendant No. 1 had filed in the Superior Court of Los Angeles County, California, a voluntary petition, and on or about said date, pursuant to an order of said court, the defendant was declared insolvent and a plan of reorganization was approved transferring the business and assets of defendant No. 1 to Pacific Mutual Life Insurance Co. (hereinafter referred to as defendant No. 2), also a California corporation; that the plan for reorganization was approved and accepted by the directors of both defendants; that pursuant to said plan, defendant No. 2 reinsured all of the outstanding policy liabilities of defendant No. 1, and specifically agreed to reinsure the policy liability of plaintiff, and defendant No. 1 thereupon transferred all of its assets to defendant No. 2, which assumed all of the liabilities of defendant No. 1, including the liability to the plaintiff under said policy; that on or about August 8, 1938, defendant No. 2 did wrongfully refuse to accept, and returned to the plaintiff, the current annual premium on said policy, tendered by him, and repudiated the said contract of insurance and has refused to recognize or pay plaintiff's claims for present or future disability benefits.

The complaint further alleges that between December 25, 1934, and August 8, 1938, plaintiff continued to remain disabled through sickness for various periods of time, alternately total and partial, and that under the terms and conditions of the policy, there became due and owing to the plaintiff from the defendants disability benefits for that period amounting to $11,842 with interest; that on August 8, 1938, plaintiff was 47 years of age and had a life expectancy of 23.08 years; that for part of that period, to-wit, from August 8, 1938, to June 10, 1940, he was alternately totally and partially disabled, and by reason thereof there became due and owing to him from the defendants the sum of $5,500; that during the remainder of his life, from June 10, 1940, he is informed and believes, that he will continue to be totally and permanently disabled and has been damaged in the further sum of at least $4,800 a year for a period of 21 years, amounting to the sum of $108,800.

Judgment is demanded "against the defendants and each of them for the sum of $126,142.00".

This cause was commenced in the New York Supreme Court, County of New York, on the 19th day of July, 1940. Service upon defendant No. 1 was effected on

the Superintendent of Insurance of the State of New York and service upon defendant No. 2 was effected upon its claim representative on that date.

Defendant No. 2 presented a petition and bond and the record of removal was filed in the office of the clerk of this court on August 16, 1940. In accordance with Rule 81(c), defendant No. 2 had five days within which to answer or otherwise move. The time of defendant No. 1 to answer, under the New York statute, would expire two days earlier. The affidavit upon which the ex parte extension order was made recited that defendant No. 1 was not a party to the application for removal but "for the sake of greater uniformity in this matter it is requested that the time to answer of both defendants be extended to the same date.".

■■■ Since both defendants are California corporations, this cause might have been removed on their joint application under the second sentence of Section 71, Title 28 U.S.C.A. That would have obviated any necessity for a motion to remand. But because of the manner in which counsel for the defendants chose to proceed, several questions are now presented. (1) Did the removal of the cause on the application of defendant No. 2 bring the other defendant here? It is the settled law that it does. See Title 28 U.S.C.A. § 71, note 566. (2) Is there a separable controversy? That must be determined upon the state of the pleadings at the time of removal, which are deemed to be taken as true. A doubtful case should be remanded.

■■■ It seems clear to me, however, that the plaintiff pleads a cause of action against defendant No. 1 for breach of contract.

His claim against defendant No. 2 is based upon an assumption of that contract of insurance and a subsequent breach by the alleged effort of defendant No. 2 to rescind and cancel its assumption thereof. Roberts v. Underwood Typewriter Co., D. C., 257 F. 583, is quite in point.

■■■ The motion to remand and the motion to vacate the ex parte extension order are denied.

■■■ Addressing myself to the motion to separately state and number; it is at once apparent from an examination of the plaintiff's complaint, there are several causes of action to recover divers sums, predicated upon different circumstances, and each is a separate claim and cause of action. That motion must, therefore, be granted.

■■■ With respect to the motion for a bill of particulars,—that seems premature until the complaint has been redrawn in accordance with the order to be entered, and may be renewed then. But, for the guidance of counsel, the court would point out that the practice in this district is to allow a bill of particulars necessary to enable the party to prepare his responsive pleading, but as to securing information to enable him to prepare for trial, he is left to his remedies under Rule 26 et seq., Federal Rules of Civil Procedure.

The motion for a bill of particulars is denied, without prejudice. Settle orders on notice of three days.