### HOLLAND v. GURNSEY.
#### Clv. No. 189.

District Court, D. New Hampshire.
Jan. 23, 1942.

240

Vernon C. Stoneman and Allan A. Tepper, both of Boston, Mass., for plaintiff.

Oscar A. Gorin, of Gardner, Mass., for defendant.

MORRIS, District Judge.

This is an action brought by the administrator of the Wage and Hour Division of the Fair Labor Standards Act of June 25, 1938, to enjoin the defendant from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Act, 29 U.S.C.A. § 215(a) (2, 5).

On January 10, 1942, the defendant filed a motion for a bill of particulars. Briefly, the complaint alleges that the defendant employed many of his employees in excess of the number of hours permitted by the Act without payment of overtime compensation.

The basis of defendant's motion is that the complaint does not name the employees involved or the work weeks that plaintiff claims employees worked in excess of statutory maximum hours without payment of overtime. He alleges that the matters above mentioned are not averred with sufficient definiteness or particularity to enable him to prepare his answer.

Similar motions have been before the courts in other jurisdictions and rulings appear to be not harmonious. Flemming v. Stillman, D.C., 37 F.Supp. 236; Fleming v. Dierks Lumber & Coal Co., D.C., 39 F. Supp. 237. Contra: Jacobs v. Peavy-Wilson Lumber Company, Inc., D.C., 33 F.Supp. 206; Fleming v. Atlantic Coast Line Railroad Company. (E.D.Va., October 30, 1939).

On one point all the cases agree that the granting of a bill of particulars is a matter within the sound discretion of the court.

In exercising its discretion the court should not overlook general principles. In this case the allegations of the complaint are simple. The charge is that employees have worked overtime without receiving overtime compensation. A simple answer would either admit or deny the allegations. Generally speaking, a motion of the character under consideration should be denied if the information sought is such as is peculiarly within the knowledge of the defendant.

Good pleading requires simplicity omitting mere statements of evidence. To require the plaintiff to give the names of employees and specify the exact time they have worked overtime is introducing into the pleadings evidence necessary to be used at the trial.

If it were a case involving several hundred employees and the name of each was required to be given, the pleadings to my mind would become ridiculous.

Allegations obtained in answer to a bill of particulars become a part of the pleadings and evidence can be introduced only in support of the allegations set forth.

Matters of evidence which a party will presumably introduce in establishing his case should not be required by a motion for a bill of particulars.

If plaintiff complies with federal rule respecting general rules of pleading in drafting his complaint, he should not be met with a motion for more definite statement or for bill of particulars.

Applying general principles to the pleadings in this case and giving a fair interpretation to Rule 8, Subsections (a) and (e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I am constrained to exercise my discretion and deny the defendant's motion. It is so ordered.

---

1 No opinion for publication.