## UNITED STATES v. HARTMANN.

### No. 2620.

District Court, E. D. Pennsylvania.

Sept. 15, 1942.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., for plaintiff.

T. Henry Walnut and Francis Fisher Kane, both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a proceeding for the cancellation of the defendant's naturalization. The material facts averred in the complaint are as follows:

That the defendant was born in Germany, that he filed his declaration of intention and his petition for naturalization, and that he took the oath of allegiance and was duly naturalized as a citizen of the United States before this Court. Dates are given.

That the Court, in issuing to him a certificate of naturalization, relied upon the truth of the representations made in his oath of allegiance. That these representations were false and fraudulent in that, at the time he took the oath, he did not re-

nounce allegiance to Germany but fraudulently reserved it. That, in consequence, the certificate of naturalization was fraudulently obtained.

That an affidavit has been filed with the United States Attorney showing good cause for instituting these proceedings.

The defendant has moved for a bill of particulars.

■ The office of the bill of particulars is fast becoming obsolete, because of the easily available and effective discovery procedure which the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, afford. Consequently, in the great majority of cases where the averments of complaint state a complete cause of action upon which relief may be granted, applications for bills of particulars have been refused. Nevertheless Rule 12(e) empowers the Court to order it if any matter in a pleading is not averred with sufficient definiteness to enable the moving party to prepare for a trial—a condition which from its nature was obviously intended to carry a large measure of discretion.

The present action proceeds upon the ground of fraud. The gist of it is that defendant procured something, namely, his citizenship as evidenced by the certificate of naturalization, by a fraudulent representation made to the Government, or to the Court, in his oath of allegiance. The fraud lay in falsely representing his state of mind at the time as something other than what it really was. It is implicit in the statement of this cause of action that his mental attitude has remained that of a non-abjuring German national ever since.

Rule 9(b) provides that "In all averments of fraud * * * the circumstances constituting fraud * * * shall be stated with particularity."

■ It cannot be denied that the complaint in this case states a cause of action. In the ordinary fraud case "the circumstances constituting fraud" means merely the time, place and content of the false representation, the fact misrepresented, and an identification of what has been obtained. If these are set forth, then the circumstances of this fraud have been stated with particularity, and Rule 9(b) has been complied with.

In one thing, however, proceedings of this kind are unique. The fact, the falsity of the defendant's assertion as to which constitutes the fraud, is not a palpable fact but a state of mind existing at a certain time and continuing thereafter. So, the heart of the cause of action is a thought, or perhaps an intention or purpose. Now it is true that a state of mind has been many times recognized as a fact ("a man's state of mind is as much a fact as his state of digestion") but it is the kind of fact which, so far as it can be dealt with by the law or can have any effect upon society, subsists only in its objective manifestations—words, acts, conduct. For that reason the manifestations are a vital part of the circumstances constituting the fraud. Of course, in theory, it is correct enough to call them merely bits of evidence pointing to ultimate fact, but only in theory. Actually they are what make the representation false—the circumstances—and are for all practical purposes inseparable from the ultimate fact.

■ In the present case it needs no argument to show that this defendant, faced with a case against him which will be entirely made up of utterances, acts and conduct on his part over a period of years, cannot begin to make any effective preparation for trial unless he knows what conduct or words of his will make up the charge against him. This information, in the interest of justice, he ought to have. There is of course always the choice between a more definite statement in the complaint and disclosure in discovery proceedings. I can see serious objections to allowing the usual sweeping discovery in a case like the present one. I think it much the wiser course to proceed with an amplified statement of the charge, sufficient to give the defendant a fair opportunity to prepare for trial, and with as little searching into government evidence later on as may be possible without doing injustice to the defendant. I will, therefore, grant the prayer of the motion. The Government will not be required to furnish the names of any witnesses nor the name of the affiant in the affidavit referred to in the complaint nor a copy of the affidavit. It will be sufficient if the bill of particulars states what the defendant said or did indicating a reserved allegiance to Germany, and where and when he said and did it.

■ The Government makes a point of the last sentence of Rule 9(b) which reads that, "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." This merely eliminates

the necessity for describing a state of mind in detail—an obviously impractical thing—and permits it to be called generally fraudulent, malicious and the like, where such allegation is necessary to the cause of action. If the Government's position on this were to be sustained the first sentence would be practically nullified. If, as I think, the manifestations of a mental state are indistinguishable from the mental state itself, so far as dealing with it in a case like this is concerned, then it follows that they are the circumstances which must be stated with particularity, and that if there is any conflict in Rule 9(b), the second sentence must give way to the first.

An order may be entered in accordance with this opinion.