### BROUGHTON et al. v. ATLANTIC CO.
### Civil Action No. 2556.

District Court, N. D. Georgia,
Atlanta Division.

Sept. 30, 1942.

Richard E. Cotton and Homer C. Denton, both of Atlanta, Ga., for plaintiff.

Spalding, Sibley, Troutman & Brock, W. K. Meadow, and Pope F. Brock, all of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

This complaint is brought by seventeen plaintiffs against the defendant seeking to recover unpaid minimum wages and over-time compensation claimed to be due by virtue of the provisions of Section 6 and 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. Sections 206, 207 et seq. In addition to the allegations of jurisdiction, and coverage by employment in commerce or the production of goods for commerce, the complaint generally alleges that "during the workweeks beginning October 24, 1938, and ending October 24, 1941, defendant employed plaintiffs for various workweeks" etc., and further that "during such period, defendant employed plaintiffs in commerce * * * for workweeks longer than forty-four (44) hours * * * 42 * * * 40 hours" as relates to the effective periods of Section 7 of the Act, without compensating plaintiffs for the excess of said hours at rates of not less than one and one-half times the regular rate at which they are employed. It is further alleged that during the period "covered by this suit the defendant employed plaintiffs in his place of business in and around Atlanta, Georgia, for 84 hours per week and. paid plaintiffs at a rate of 10 and 12½¢ per hour for such employment for commerce and for the production of goods for commerce." It is alleged that under the terms of the Act and the authority thereunder defendant was required to keep records of hours of work and rates of pay and by reason thereof such records "should have been kept by the defendant", and that plaintiffs were not required to keep records, but according to such records as they kept they are entitled to specified and stated sums as unpaid minimum wages and unpaid overtime compensation in the amount set opposite their names, for which they demand judgment together with an equal amount of liquidated damages, together with attorneys fees as provided by the statute.

Defendant has moved for a more definite statement in the respects which will appear from the following discussion.

It appears evident that the plaintiffs, seventeen in number, should inform the defendant of the respective periods of time of employment upon which their respective claims are based and that the allegation of the complaint that the seventeen were employed during a period of three years and for "various weeks" is not sufficiently definite to enable the defendant to properly answer the complaint. If, as is only intimated, plaintiffs do not have this information and cannot remember the dates of employment, they can so allege, and if the defendants in fact have records of their employment, and by lack of knowledge complainants are therefore dependent upon such records, this allegation may be made, and thus the defendant be put to answer a direct averment. If defendant kept no records but has knowledge of the facts, this may be alleged. The point is that in some manner the claimed period of employment of each plaintiff, or group of plaintiffs, which gives rise to the extent and imposition of liability asserted, should be stated or reason for inability to so state be given, so that the defendant may properly prepare its responsive pleadings. To the extent indicated, the motion for a more definite statement presented by paragraph one of the motion is granted.

The allegations of paragraph four of the complaint with reference to the nature of the services performed by the plaintiffs are deemed sufficiently definite to permit the preparation of responsive pleadings by the defendant and this portion of the motion is denied.

The ruling above controls paragraph two of defendant's motion and, except to the extent of requiring the relation the allegations therein to the statements required to be furnished as above set forth, will not be granted. However, it should be made clear by the plaintiffs that the weeks referred to in paragraph six of the complaint are as to each of the plaintiffs those specified or explained in paragraph four as amplified in accordance with this order.

■ In view of the allegations of paragraph seven of the petition of work of eighty-four hours per week, the remainder of paragraph two seeking more definite statement of the number of hours longer than the statutory hours each plaintiff was employed, is denied.

■ The plaintiffs will not be required to more definitely state at which of defendant's several places of business they were each employed, as this information is not deemed necessary to enable the defendant to properly prepare its responsive pleadings.

■ Without any determination that the rate of pay actually paid is material (in view of the allegation that plaintiffs were never compensated at the rate required by the statute), so long as this allegation remains in the petition, it is manifestly too vague to state that some of the plaintiffs were paid ten cents and some twelve and one-half and as to this the plaintiffs should state which of them were paid ten cents and which were paid twelve and one-half cents per hour.

■ No valid reason appears why the plaintiffs should be required to segregate the amount of recovery shown by the items of unpaid minimum compensation or unpaid overtime compensation. As a matter of pleading, the claim may be presented without itemization without prejudicing the rights of the defendant to plead in response thereto. As a practical matter when the period of employment, the compensation actually received, and the number of hours worked is stated the segregation becomes merely a matter of computation.

It is ordered that the plaintiffs file and serve the defendant with a more definite statement of the matters as provided in this order, and to the extent herein indicated within twenty days from October 5, 1942, failing in which the petition will be dismissed. Those portions of the motion relating to matters not as above indicated are denied.

■ For the reasons stated above, paragraph numbered seven of the amendment tendered by the complainants is insufficient. Paragraph eight is vague and in addition thereto appears to constitute more of an attempt to enforce an account stated, if such it be, than a suit to enforce complainants' rights under the Fair Labor Standards Act. In the interest of clarity of complainants' pleadings following the order upon the defendant's motion for a more definite statement, it appears that the amendment should be stricken and it is accordingly so ordered.