WALLING, Administrator of Wage and Hour Division, U. S. Dept. of Labor, v. BAY STATE DREDGING & CONTRACTING CO.

Civil Action No. 2152.

District Court, D. Massachusetts.

Dec. 29, 1942.

Irving J. Levy, Acting Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., and Vernon C. Stoneman, Regional Atty., Arthur Novogroski, Associate Atty., and Maurice Epstein, Atty., Department of Labor, all of Boston, Mass., for plaintiff.

Samuel L. Bailen and Herman Snyder, both of Boston, Mass., for defendant.

FORD, District Judge.

The plaintiff brought this action under the provisions of Section 17 (Injunction Proceedings) of the Fair Labor Standards Act of 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., hereinafter called The Act, to enjoin the defendant from violating the provisions of Sections 15(a) (2) and 15 (a) (5) of The Act. Section 15(a) (2) makes it unlawful to violate any of the provisions of Section 7, and Section 15(a) (5), among other things, makes it unlawful to violate any of the provisions of Section 11(c). Section 7 of The Act provides for maximum hours and overtime compensation and Section 11(c) of The Act provides for the keeping of records pertaining to employees, wages, hours, practices, and conditions of employment.

The complaint alleges that the defendant has failed to compensate "many" of its employees for overtime in violation of the provisions of Sections 7 and 15(a) (2) of The Act. The complaint further alleges the defendant violated Sections 11(c) and 15(a) (5) in that the defendant failed to observe the regulations (Title 29, Chapter V, Code of Federal Regulations, Part 516) governing the keeping of records as required by The Act.

This is a motion by the defendant, under Rule 12(e), F.R.C.P., 28 U.S.C.A. following section 723c, for a more definite statement. The defendant's motion consists of three requests: (1) That the plaintiff make a more definite statement as to what employees were employed by the defendant for work weeks longer than those prescribed by law at rates less than one and one-half times the regular rate at which they were employed; (2) that the plaintiff make a more definite statement as to the exact occupations of said employees, because the defendant believes the employees referred to in the complaint are exempt under The Act; (3) that the plaintiff make a more definite statement as to the exact manner wherein the defendant failed to keep adequate records.

During the oral argument before me and after the court intimated it would deny the

242

first and third requests in the motion on the ground that the information sought was peculiarly within the knowledge of the defendant, the latter's counsel waived the first and third requests contained in his motion, leaving the second request the only matter to be considered at this time.

Under the Federal Rules there is no distinction between a motion to make a complaint more definite and a motion for a bill of particulars. McKenna et al. v. United States Lines, Inc., D.C., 26 F.Supp. 558; 1 Moore, Federal Practice, Sec. 12.07, p. 654. And the grant or denial of such a motion rests in the sound discretion of the court. Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc., D.C., 31 F.Supp. 483, 489; McKenna et al. v. United States Lines, Inc., supra; 1 Moore, Federal Practice, Sec. 12.07, p. 656.

A motion to make a complaint more definite or a motion for a bill of particulars is not ordinarily granted as to matters that are or should be more peculiarly within the knowledge of the moving party than that of his adversary. Holland, Admr., Wage & Hour Division v. Gurnsey, D.C.N.H. January 23, 1942, 3 F.R.D. 239; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc., supra, 31 F.Supp. page 489; Sure-Fit Products Co. v. Med-Vogue Corp., D.C., 28 F. Supp. 489, 491. The second request in the defendant's motion seeks information that is just as peculiarly within its knowledge as the information sought in requests 1 and 3.

The complaint complies with Rule 8, subsections (a) (2) and (a) (3). The information sought by the defendant is not necessary to enable him to prepare a responsive pleading. The information can properly be elicited by a proceeding under Rule 16 (pre-trial conference) or by resorting to Rules 26–37 (depositions, interrogatories, discovery). In such a situation similar motions have been denied. Kuhn v. Pacific Mut. Life Ins. Co. of California, D.C., 37 F.Supp. 100, 102; Alropa Corp. v. Heyn, D.C., 30 F.Supp. 668; Leimer v. State Mutual Life Assurance Co. of Worcester, D.C., 1 F.R.D. 386; see 1 Moore, Federal Practice, Supp. pp. 198-210.

The motion is denied.