## SUN VALLEY MFG. CO. v. MYLISH et al.

### No. 3873.

District Court, E. D. Pennsylvania.
Nov. 6, 1944.

Levinthal & Levinthal, of Philadelphia, Pa., for plaintiff.

Caesar & Rivise, of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

This is an action to enjoin defendants' use of the trade-mark "Sun Valley" and a simulating label on men's shirts and sportswear manufactured and sold by the defendants.

The complaint here alleges that the term "Sun Valley" and a design of a setting sun and a valley have been in use by the plaintiff as a trade-mark to distinguish their manufactured products—"men's and women's sportswear, including ski outfits, slacks, slack suits, riding habits and other sport clothes, etc." The complaint further alleges that the defendants, with knowledge of plaintiff's use of the trade-mark, "adopted and began using the name Sun Valley in connection with their manufacture and sale of men's shirts and sportswear" and that defendants further "caused labels similar in name and design" to the labels of the plaintiff, to be attached to their shirts and sportswear.

The defendants' motion for a bill of particulars is based on their contention that the complaint has not set forth with sufficient detail plaintiff's complete line of products and that, for example, the terms "men's and women's sportswear" are indefinite.

The motion must be denied.

The complaint here states a complete cause of action upon which relief may be granted. The cause of action is averred with sufficient definiteness to enable the defendants to prepare their responsive pleading and to prepare for trial as set forth in Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Where a complaint is sufficient to enable the defendant to prepare the required responsive pleading and where it adequately states the issue which the defendant must meet at the trial, a motion for a bill of particulars must be denied.

Our experience since the adoption of the Federal Rules of Civil Procedure has demonstrated not only that "the office of the bill of particulars is fast becoming obsolete" as pointed out by Judge Kirkpatrick in United States v. Hartmann, D.C., 2 F.R.D. 477, 478, but that in view of the adequate discovery procedure available under the Rules, motions for bills of particulars should be abolished altogether. See Best Foods, Inc., et al. v. General Mills, Inc., D.C., 3 F.R.D. 275, and the excellent note on page 278 of that opinion by Judge Leahy.

An order may be submitted in accordance with this opinion.