**RAUDENBUSH v. BALTIMORE & O. R. CO.**

**No. 3777.**

District Court, E. D. Pennsylvania.

Nov. 6, 1944.

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

Howard Burtt, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is an action under the "Federal Employers' Liability Act," 45 U.S.C.A. § 51 et seq., and the "Safety Appliance Acts," 45 U.S.C.A. § 1 et seq., for the recovery of damages resulting from the accidental death of an employee of the defendant railroad.

The complaint alleges in paragraph 5 that Raudenbush, the deceased, "was employed by the defendant and was working in the East Side Yards in Philadelphia, when, due to the negligence of the defendant, its agents, servants or employees, he was thrown under the wheels of a train and was fatally injured." .

Paragraphs 7 and 8 of the complaint state various acts of negligence on the part of the defendant as the cause of the accident. The defendant's motion for a bill of particulars is directed at these two paragraphs.

In paragraph 7, clause (a), the defendant is charged with "failure to give notice or warning to the deceased, of the intention to move the said train at the time and place aforementioned." In clause (b) of the same paragraph the decedent's fellow employees are charged with negligently operating the train "in a shifting manner without warning or notice to the deceased, and without the due regard for the point and position in which he was then working and without due respect for the work he was then performing, as a result of which the movement made by the said fellow-employees was negligent, careless, and the cause of this accident."

Since defendant's motion for a bill of particulars is directed at paragraphs 7(c), (e), (f) and paragraph 8, it is necessary to consider these paragraphs, which read as follows:

Paragraph 7 "(c) Violating the rules of the Company in regard to the operation of such trains under the circumstances, the same being Rule 30 and such other rules unknown to the plaintiff by number, as pertain to the shifting, stopping and moving of trains with the required signals and notice";

"(e) Failure to provide the deceased with a safe place to work;

"(f) Violating the standards prescribed by the Interstate Commerce Commission under the circumstances then and there attendant, the same being in regard to equipment and movement of trains."

Paragraph 8. "The defendant was further negligent in that it did violate the Safety Appliance Acts pertaining to safety

couplings and brakes, in that the said couplings and brakes were defective."

With respect to paragraph 7(c) the defendant complains that while it alleges a violation of the rules of the company in regard to the operation of "such trains under the circumstances"; that "nowhere in the Complaint is there any statement of the circumstances surrounding the accident, or a description of the train involved or of the rule or rules of the company which it is alleged were violated."

As to 7(e) the defendant complains that while it charges failure "to provide the deceased with a safe place to work," that the complaint fails to state "where the deceased was working at the time he was injured, and in what respect the place in which he was working was unsafe."

As to paragraph 7(f) the defendant complains that while it alleges a "violation of the standards prescribed by the Interstate Commerce Commission under the circumstances then and there attendant," it fails to state what standards of the I. C. C. were violated and to describe the "circumstances then and there attended" and that consequently the "defendant therefore has no means of knowing what violations of what standards are intended to be charged to it by the allegations of this paragraph."

Finally, as to paragraph 8, the defendant complains that while it alleges a violation of the Safety Appliance Acts pertaining to safety couplings and brakes, it fails to state "whether any coupler or any brake was defective or failed to operate properly, or in what respect it was defective or failed to operate, and in what manner such defect, if any, contributed to the injury of the plaintiff's decedent."

I have quoted the relevant portions of the complaint and the specific objections of the defendant in its motion for a bill of particulars because they demonstrate the evils of the practice under Section 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723(c), providing for bills of particulars.

■ Here the action is founded upon the accidental death of a railroad employee while working on the property of the defendant railroad and under circumstances which surely must be as fully known to the railroad, whose employees were on the scene at the time, as to the administratrix of the deceased who was not there at all.

The complaint here states a complete cause of action upon which relief may be granted and the cause of action is averred with sufficient definiteness to enable the defendant to prepare its responsive pleading and to prepare for trial as set forth in Rule 12(e).

■ As I stated in Sun Valley Manufacturing Co. v. Mylish, 4 F.R.D. 170, where a complaint is sufficient to enable the defendant to prepare the required responsive pleading and where it adequately states the issue which the defendant must meet at the trial, a motion for a bill of particulars must be denied.

■ Certainly one of the primary purposes in the formulation and adoption of the Federal Rules of Civil Procedure was to expedite the disposition of litigation by the simplification of pleadings and procedure. Frequent resort on the part of litigants to a motion for a bill of particulars operates only to delay disposition of litigation by trial. The instant motion reaffirms the opinion which I expressed in the Sun Valley case, supra, that motions for bills of particulars should be abolished altogether, in view of the adequate discovery procedure available under the Rules.

For the reasons stated the defendant's motion is denied.

An order may be submitted in accordance with this opinion.