## MEDUSA PORTLAND CEMENT CO. v. PEARL ASSUR. CO., Limited.

### No. 22615.

District Court, N. D. Ohio, E. D.

July 23, 1945.

C. W. Sellers, of Cleveland, Ohio, for plaintiff.

Frank X. Cull, and H. J. Crawford, both of Cleveland, Ohio, for defendants.

JONES, District Judge.

Plaintiff's amended complaint sets up a claim for $70,523 on an insurance policy issued to plaintiff by Pearl Assurance Company, Ltd., for a three year term beginning November 1, 1942. The loss resulted from an explosion in an economizer in the

plaintiff's plant at Silica, Ohio, on January 25, 1944.

Defendant has filed three motions attacking the amended complaint: (1) a motion under Federal Rules of Civil Procedure, rule 12(b) (6), 28 U.S.C.A. following section 723c, to dismiss the amended complaint for failure to state a claim upon which relief can be granted; (2) an alternative motion to strike certain language from the amended complaint on grounds that it is "irrelevant, redundant and immaterial" and "would be prejudicial if read to the jury"; and (3) an alternative motion to require plaintiff to furnish a bill of particulars itemizing the loss and damages alleged to aggregate $70,523.

Plaintiff has moved to strike each of the above motions for the reasons that they are "a sham, and each of said motions is false, in violation of rules of law, and in wilful violation of Rule 11 of the Rules of Civil Procedure." I think this motion should be overruled and the motions to which it is directed should be decided on their merits. Rule 11 provides that a sham pleading may be stricken but contains no such provision with regard to motions. To permit a motion to strike a motion would only encumber the files with additional papers.

Defendant contends that the amended complaint is insufficient for the following reasons: (1) The policy which was in effect at the date of the loss (Exhibit A of the amended complaint) covered only losses by fire and did not cover loss resulting from an explosion in an economizer. (2) The current policy did not incorporate the coverage of the former policy (Exhibit 3 attached to the amended complaint). (3) Even if the current policy did incorporate the coverages of the former policy, the former policy did not cover losses resulting from explosion and, therefore, the current policy does not provide such coverage.

The policy which was in force when the loss was sustained contained the following typewritten endorsement:

"This policy is issued in lieu of a binder for the purpose of accounting for the premium to be paid.

"It is mutual intention of the assured and the company and each hereby agrees to substitute in place of this policy, one written at the proper legal rates and on the proper legal form as soon as the necessary information to do so is received from the legally constituted rating bureaus in the states in which insured property is located.

"Pending the issue of policies in place of this one, the conditions of Policy No. F—1364572 shall govern the adjustment of losses suffered hereunder."

Policy No. F—1364572, (the former policy) was a fire insurance policy with "extended coverage". One of the typewritten clauses added to that policy provided that: "In the application of the conditions stipulated in the attached Fire Insurance Policy, wherever the word 'fire' occurs it shall also be held to mean 'explosion riot and civil commotion' and 'loss or damage by aircraft.'"

It is clear that the policy was issued in lieu of a binder and was not intended to be an embodiment of the final contract of insurance. The extent of its "extended coverage" is not clear. Plaintiff's briefs and affidavits indicate that it intends to offer evidence to show the interpretation placed upon the policy by the parties, e. g., that the insurer has compensated the insured for other explosion losses which occurred while the policy was in force. Mr. Norman S. Rein, counsel for defendant, has filed an affidavit in which he asserts: "* * * This affiant has at all times insisted to the plaintiff that Extended Coverage Insurance in accordance with the Standard Extended Coverage Endorsement was the insurance supplied, and not unlimited explosion coverage such as plaintiff claims, and such as is now sought to be pleaded."

The standard form of extended coverage endorsement covers some losses resulting from explosion but does not cover losses by explosion originating within steam boilers, steam pipes, steam turbines, steam engines and fly-wheels. A March, 1944, edition of the standard extended coverage endorsement was mailed to plaintiff on July 17, 1944, to be "substituted in lieu of form originally attached to policy."

334

Plaintiff attached the policy, which was in force at the date of the loss, as an exhibit to the amended complaint and alleged that it covered the loss which it had sustained. In view of the concise and direct pleadings contemplated by the Federal Rules of Civil Procedure, I think this was sufficient; it was not necessary for plaintiff to allege the evidentiary facts upon which he will rely to support his interpretation of the policy. If the explosion coverage was "in accordance with the standard Extended Coverage Endorsement", as stated in Mr. Rein's affidavit, the amended complaint cannot be dismissed because it is not shown that an explosion in an economizer was excluded from the coverage of such endorsement.

The motion to strike is directed to the italicized portions of the following allegations in the amended complaint:

"That at defendant's instance and request, *and upon the representation by defendant's duly authorized officers that defendant intended to pay said loss,* plaintiff delayed the filing of proofs of loss, the time for filing same being extended by defendant, in writing, the last extension being to January 1, 1945; that proofs of loss were delivered to and filed with defendant, on or about December 11th, 1944, by plaintiff, in accordance with the provisions of said policy; * * *" (Par. 4)

"* * * that defendant has breached said contract in effect and fact, *although it attempts to conceal the fact from* plaintiff." (Par. 5)

As the insurer excused the insured's delay in making the proofs of loss and gave a written extension of time, the italicized averment in paragraph 4 seems irrelevant and immaterial; and since it might be prejudicial if read to a jury, I think it should be stricken.

The italicized allegation of paragraph 5 is also irrelevant and immaterial, and no harm will come to plaintiff if it is stricken.

The damages alleged in the amended complaint ($70,523) are the same as those shown by the proofs of loss. A party may utilize a bill of particulars to ascertain the ultimate facts so as to enable him to prepare his responsive pleading, but in securing information as to evidentiary matters which is obtainable by interrogatories, depositions or discovery he is left to those remedies. Wisconsin Alumni Research Foundation v. Vitamin Technologists, D.C.Cal.,1939, 1 F.R.D. 8; Securities and Exchange Commission v. Timetrust, Inc., D.C.Cal.,1939, 28 F.Supp. 34; Kuhm v. Pacific Mutual Life Ins. Co., D.C.N.Y.,1940, 37 F.Supp 100; Kellogg Co. v. National Biscuit Co., D.C.N.J.,1941, 38 F.Supp. 643. This rule prevents unnecessary delay in answering and helps to avoid undue prolixity in the pleadings. As the information which defendant desires is obviously evidentiary, the motion for a bill of particulars should be denied.

Based upon the foregoing analysis of the matters presented by the various motions, plaintiff's motion to strike, defendant's motion to dismiss, and defendant's motion for a bill of particulars will be overruled and defendant's motion to strike granted.