### FERRARA v. INTERSTATE TRANSIT LINES.

No. 3685.

District Court, W. D. Missouri, W. D.

Nov. 27, 1945.

Jess M. Fisher, of Kansas City, Mo., for plaintiff.

George Schwegler and Watson, Ess, Groner, Barnett & Whittaker, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant, by a proper motion under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, prays the court to require the plaintiff to make his averments of negligence more definite and certain.

Plaintiff's petition for damages asserts that the driver for the defendant "was driving a bus * * * in a northerly direction over and across the A. S. B. Bridge over the Missouri river between Kansas City, Missouri, and North Kansas City, and that when the automobile in which plaintiff was riding reached a place on said bridge near the north end thereof, * * * and carelessly and negligently allowed, suffered and permitted the bus he was driving to ram an automobile immediately in front of said bus, crashing said automobile into the back end of the automobile in which the plaintiff was riding, with great force and violence."

The defendant complains that this averment "is indefinite and uncertain and contains no allegation as to how or in what respect plaintiff claims defendant was negligent, but contains merely a general allegation and a conclusion of the pleader, and because of said defect defendant cannot properly prepare a responsive pleading to said petition or properly prepare its defense to this action."

1. A study of the averment does not support the defendant in its contention of uncertainty and indefiniteness. It would be difficult to point out how a pleader could more definitely state the facts relating to a collision of the kind alleged. It is as if the plaintiff had averred that the defendant, through its agent, carelessly and negligently drove the bus into an automobile and forced said automobile into the vehicle in which plaintiff was a passenger and that the negligence consisted of the said agent and servant suffering and permitting the bus driven by him to "ram" the automobile immediately in front of the bus. The manner in which the agent of the defendant was negligent is simply in suffering and permitting the bus driven by him to collide with the car in front, thus forcing the car in front into the automobile in which the plaintiff was a passenger.

For all of the purposes of a responsive pleading, the defendant could be in no way embarrassed. Heretofore the courts have nullified that portion of Rule 12(e) which suggests that the motion is to render aid to the defendant in preparation for trial.

2. Aside from the inherent sufficiency and clarity of the complaint such motions are no longer favorites of the courts. The Federal Rules of Civil Procedure became effective on September 16, 1938. Immediately thereafter the courts began a sincere effort to give life and effect to each and every one of the rules. At once there arose a conflict between Rule 8(a) relating to General Rules of Pleading and Rule 12(e) on the subject of Definite Statements and Bills of Particulars.

Rule 8(a) provides that the complaint shall consist, among other things of "(2) a short and plain statement of the claim showing that the pleader is entitled to relief, * * *." This has been construed to mean that it is unnecessary even to state a cause of action. It is only necessary for the pleader to make it appear that the complainant is entitled to relief. This may be done, even though the complaint does not technically state a cause of action, and, moreover, the complaint might be filled with conclusions and even might omit ulti-

mate facts. Dennis et al. v. Village of Tonka Bay, etc., 8 Cir., 151 F.2d 411, decided October 24, 1945.

To effectuate Rule 12(e), as under the former practice, was to nullify Rule 8(a). Pleadings were about to become as prolix as formerly and to restore a practice the Supreme Court had endeavored to stop.

3. Counsel call attention to an opinion prepared by this court, in the case of Schmidt v. Going et al., D.C.Mo., 25 F. Supp. 412. This opinion was filed on November 3, 1938, whereas the rule became effective September 16, 1938. It was during this period that the courts were endeavoring to give a reasonable construction to both rules and make them both effective.

This court, in subsequent opinions, pointed out the changed attitude of the courts. The position taken in the cases cited by the defendant have not recently been followed. However, there was a reason for the decisions in the cases cited by the defendant. Obviously there were some details in the first case written by the writer that the defendant was entitled to have specified. Such being true, in order to save the parties the trouble and necessity of interrogatories or requests for admissions the court directed that all of the details be covered by a brief supplemental pleading.

In the case of Sun Valley Mfg. Co. v. Mylish et al., 4 F.R.D. 170, the district judge for the Eastern District of Pennsylvania, said: "Our experience since the adoption of the Federal Rules of Civil Procedure has demonstrated not only that 'the office of the bill of particulars is fast becoming obsolete' as pointed out by Judge Kirkpatrick in United States v. Hartmann, D.C., 2 F.R.D. 477, 478, but that in view of the adequate discovery procedure available under the Rules, motions for bills of particulars should be abolished altogether. See Best Foods, Inc., et al. v. General Mills, Inc., D.C., 3 F.R.D. 275, and the excellent note on page 278 of that opinion by Judge Leahy."

The same judge ruled similarly in Raudenbush v. Baltimore & O. R. Co., 4 F.R.D. 171, loc. cit. 172, where the judge again said: "Certainly one of the primary purposes in the formulation and adoption of the Federal Rules of Civil Procedure was to expedite the disposition of litigation by the simplification of pleadings and procedure."

Judge Delehant of Nebraska, in Bowles, Adm'r, v. Ohse, et al., D.C., 4 F.R.D. 403, very aptly and concisely pointed out the changed attitude on the part of the courts and that quite uniformly motions of this kind are not sustained.

In view of current rulings, the motion for a more definite statement should be overruled and it will be so ordered.