### WALLING v. STAFFEN et al.
#### Civ. A. No. 2713.

District Court, W. D. New York.

April 9, 1946.

William S. Tyson, Solicitor, and Jeter S. Ray, Asst. Solicitor, both of Washington, D. C., and Irvin Rozen, Regional Atty., and Robert A. Levitt, Atty., U. S. Dept. of Labor, both of New York City, for plaintiff.

D. Rumsey Wheeler, of Buffalo, N. Y. (Adrian Block, of Buffalo, N. Y., of counsel), for defendants.

KNIGHT, District Judge.

Plaintiff, in its complaint, demands judgment permanently enjoining and restraining defendants, their agents, servants, employees and attorneys, and all persons acting or claiming to act in their behalf and interest, from violating the provisions of Section 15(a) (2) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215(a) (2).

Defendants have moved for a bill of particulars of several matters which it is alleged "are not averred with sufficient definiteness or particularity to enable defendants properly to prepare their responsive pleadings or to prepare for trial."

The complaint alleges that the defendant partners are the sole owners and operators of a place of business located on Grand Island, Erie County, New York (Par. III); were at all times therein mentioned, and now are "engaged at said premises and at other points throughout the State of New York, in removing and transporting and otherwise handling, slag and other waste products from the premises of firms engaged in producing pig iron and other products for interstate commerce" (Par. IV) and, "to some extent engaged in transporting by motor vehicle and otherwise handling, slag and crushed and graded stone and other similar materials for use in the maintenance, repair and reconstruction

of essential instrumentalities of interstate trade, commerce, transportation, transmission and communication" (Par. V) ; that defendants were and now are employing in said work 3 to 12 employees "engaged in the production of goods for interstate commerce and in processes and occupations necessary thereto" (Par. VI) ; that defendants repeatedly have violated and are violating Sections 7 and 15(a) (2) of said Act, 29 U.S.C.A. §§ 207, 215(a) (2), "by employing many of their employees in the production of goods for interstate commerce as aforesaid for workweeks longer than 40 hours since October 24, 1940, without compensating (them) for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed" (Par. VII).; that defendants have "repeatedly violated the aforesaid provisions of the Act." (Par. VIII).

Defendants in their motion for a bill of particulars allege: "That since October 24th, 1940, defendants' business has been and now is that of transporting and hauling material under a contract or contracts for such hauling. For the most part slag has been so transported and hauled. Defendants do not know the nature and extent of operations and the products of the concern or concerns from the premises of which slag is transported and hauled nor the ultimate destination or use of such slag, or the extent, if any, in which it is used in or affects commerce. All of such transportation and hauling is between points within the State of New York."

Defendants move for a bill of particulars on ten specified matters and because of "the defects in the complaint" also move for a bill of particulars on three further matters.

The complaint alleges (Par. VII) that "defendants repeatedly have violated and are violating the provisions of Section 7 and 15(a) (2) of the Act." Section 7 provides: "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—* * * (3) for a workweek longer than forty hours after the expiration of the second year from such date (effective date of this section), unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half

times the regular rate at which he is employed."

It is alleged that defendants violated this section "by employing many of their employees in the production of goods for interstate commerce for workweeks longer than 40 hours" without paying them the statutory wage.

The activities of defendants as alleged in Paragraphs IV and V would constitute "the production of goods for [interstate] commerce" under the definitions contained in Section 3 of the Act, 29 U.S.C.A. § 203, to wit:

"(i) 'Goods' means goods * * *, wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof * * *."

"(j) 'Produced' means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State."

The complaint uses the words "in removing and transporting and otherwise handling" (Par. IV) and "in transporting by motor vehicle and otherwise handling." (Par. V).

The word "handled" is not defined in the Act. Defendants therefore allege that they "are unable to ascertain what activities on (their part) plaintiff claims comes under the category of 'handling' as distinguished from transportation. The word 'handling' is broad enough, unless limited by a Bill of Particulars to embrace processing, buying, selling or on the other hand, so far as defendants are advised by the language of the complaint, plaintiff may have used the word as embracing loading and unloading." Item (b).

The word "handled" as used in this Act has been thus defined: "The Government contends that in defining 'produced' the statute intends 'handled' or 'worked on' to mean not only handling or working on in relation to producing or making an article ready to enter interstate transit, but also includes the handling or working on which accomplishes the interstate transit or move-

ment in commerce itself. If this construction is adopted, every transporter, transmitter, or mover in interstate commerce is a 'producer' of any goods he carries. But the statute, while defining 'produced' to mean 'handled' or 'worked on', has not defined 'handled' or 'worked on.' These are terms of ordinary speech and mean what they mean in ordinary intercourse in this context. They serve a useful purpose when read to relate to all steps, whether manufacture or not, which lead to readiness for putting goods into the stream of commerce. One who packages a product, or bottles a liquid, or labels, or performs any number of tasks incidental to preparing for shipment might otherwise escape the Act, for in a sense he neither manufactures, produces, or mines the goods. We are clear that 'handled' or 'worked on' includes every kind of incidental operation preparatory to putting goods into the stream of commerce." Western Union v. Lenroot, 323 U.S. 490, 503, 65 S.Ct. 335, 342.

The court in Walling v. Alabama Pipe Co., D.C., 3 F.R.D. 159, at page 161, overruling a motion for a bill of particulars, said: "It is charged in the complaint after proper jurisdictional averments, that the defendant is violating a named section of the statute and the nature of such violations is carefully set out. After averring that the defendant was engaged in interstate commerce and subject to the Fair Labor Standards Act it is charged that the defendant is engaged in violating those provisions * * * which require extra compensation for overtime work. This is sufficient. It is a concise statement of an ultimate fact."

In Holland v. Gurnsey, D.C., 3 F.R.D. 239, 240, it is said: "If plaintiff complies with federal rule respecting general rules of pleading in drafting his complaint, he should not be met with a motion for more definite statement or for bill of particulars."

In Sun Valley Mfg. Co. v. Mylish, D.C., 4 F.R.D. 170, it is said: "Where a complaint is sufficient to enable the defendant to prepare the required responsive pleading and where it adequately states the issue which the defendant must meet at the trial, a motion for a bill of particulars must be denied."

In Walling v. Bay State Dredging & Contracting Co., D.C., 3 F.R.D. 241, 242; it is said: "A motion to make a complaint more definite or a motion for a bill of particulars is not ordinarily granted as to matters that are or should be more peculiarly within the knowledge of the moving party than that of his adversary."

The U. S. Supreme Court decision above cited will sufficiently inform the defendants of the meaning of the word "handling." The terms "slag and other waste products" (Par. IV) and "slag and crushed and graded stone and other similar materials" (Par. V) are sufficiently clear. The same is true of the words in Par. V, which follow: "for use in the maintenance, repair and reconstruction of essential instrumentalities of interstate trade, commerce, transportation, transmission and communication."

In the last paragraph above quoted of defendants' motion for a bill of particulars it is said: "Defendants do not know the nature and extent of operations and the products of the concern or concerns from the premises of which slag is transported and hauled nor the ultimate destination or. use of such slag, or the extent, if any, in which it is used in or affects commerce.". This allegation, however, is not sworn to nor do defendants ask what "concern or concerns" are engaged in interstate commerce. They demand "(2) The name of each and every firm from the premises of which plaintiff claims defendants remove, transport and otherwise handle slag and other waste products." This is clearly within their own knowledge.

Defendants, in their unverified paragraph above quoted, allege "that since October 24th, 1940, (their) business has been and now is that of transporting and hauling material under a contract or contracts for such hauling." They must know the nature of the "contract or contracts."

In Walling v. West Virginia Pulp & Paper Co., D.C., 2 F.R.D. 416, 421, involving a motion for a bill of particulars in an injunction proceeding under this Act, it is said: "The relief asked in this case is not predicated upon the acts of the defendant, or its servants and agents, but upon the conduct of other parties over whom the defendant had neither power nor control, and concerning whose conduct it is averred to be without knowledge. Why then should not the plaintiff frankly tell the defendant what he intends to rely on in this case, and

have an end to preliminary motions and other measures of delay?"

In that case, an affidavit was offered in support of defendant's motion (page 419 of 2 F.R.D.) No affidavit was submitted in the case at bar. Defendants have not sufficiently shown their ignorance of the nature of the business of the "concern or concerns" from whose premises they haul slag nor of the ultimate destination of the materials they transport to justify an order for a bill of particulars.

"The office of the bill of particulars is fast becoming obsolete, because of the easily available and effective discovery procedure which the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, afford." United States v. Hartmann, D.C., 2 F.R.D. 477, 478. See the opinion of this court by Knight, District Judge, in Walling v. American Steamship Co., D.C., 4 F.R.D. 355; Bowles v. Anderson, D.C., 4 F.R.D. 181; Best Foods v. General Mills, D.C., 3 F.R.D. 275, 278.

Defendants' motion for a bill of particulars is therefore denied.