**DYKEMA et al. v. ALUMINUM CO. OF AMERICA.**

No. 46C134.

District Court, N. D. Illinois, E. D.

May 9, 1946.

Gilbert F. Wagner and Maurice Perlin, both of Chicago, Ill., for plaintiff.

Miller, Gorham, Wescott and Adams, of Chicago, Ill., for defendant.

LA BUY, District Judge.

The complaint herein is brought by sixty-six named plaintiffs for unpaid overtime compensation pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). Defendant has filed a motion to strike the complaint and dismiss the cause, or, in the alternative, to strike various portions of the complaint, and for a bill of particulars, and to require the plaintiffs to make the unstricken portions of the complaint definite and certain.

■ The motion to strike the complaint sets forth the respects in which the complaint is deficient. Such deficiencies rest on the failure of plaintiff to set out the exact amounts and exact hours each plaintiff worked, the rate of pay as to each, exact period of employment, character of services, as well as failure to state a cause of action because of indefiniteness. The court is of the opinion that the complaint adheres to Rule 8(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in setting forth a short and plain statement of the claim upon which suit is brought. The motion to strike the complaint and dismiss the cause is therefore overruled.

■ In defendant's motion for further particulars, the same deficiencies are asserted as appeared in its motion to strike and dismiss. In Ballard v. Consolidated Steel Corp., Ltd., D.C.Cal.1945, 61 F.Supp. 996, a similar motion was made. The court held plaintiffs, one hundred and thirty-two, more or less, would not be required "to identify the years, months and weeks during which each plaintiff claimed to work overtime, the number of hours of overtime within each such week, the amount of overtime which each plaintiff claims to have earned, and the nature of the work performed by each plaintiff, since such information is not within the plaintiffs' knowledge, but it will be sufficient if each plaintiff states the date he entered defendant's employment and the date of termination, if any." The latter being required because of the California three year statute of limitations. That case cites Townsend et al. v. Boston & M. R. R., D.C.Mass., 1940, 35 F. Supp. 938, and Broughton et al. v. Atlantic Co., D.C.Ga., 1942, 47 F.Supp. 850. See also Smith v. Stark Trucking Inc., D.C. Ohio, 1943, 53 F.Supp. 826.

The motions of defendant are overruled and an order not inconsistent with the court's ruling herein may be presented for entry.