322

ALLEN V. SMITH, Inc., v. PHILADELPHIA BREWING CO.

Civil Action No. 5774.

District Court, E. D. Pennsylvania.

May 31, 1946.

Wexler & Weisman, of Philadelphia, Pa., for plaintiff.

Rutledge Slattery, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a civil action for the recovery of $6,855 brought by the plaintiff, a New York corporation, against the defendant, a Pennsylvania corporation. The complaint avers:

"Par. 2. Under the terms of a written contract between the parties dated June 25, 1943, plaintiff sold and defendant bought 3,000 one hundred pound bags of Victory Barley Grits at $4.98 per cwt. F.O.B. mill, Marcellus Falls, New York, for shipment during the months of July, August and September, 1943, in accordance with defendant's shipping instructions."

And

"Par. 3. Although plaintiff was ready, able and willing to make delivery, defendant refused to take delivery, causing plaintiff to sustain damages in the sum of $6,-855.00."

The defendant moved that the plaintiff be required to file a bill of particulars with respect to the damages claimed.

The motion must be denied. The complaint here states a complete cause of action upon which relief may be granted. The cause of action is averred with sufficient definiteness to enable the defendants to prepare their responsive pleading and to prepare for trial as set forth in Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c.

As I stated in Sun Valley Manufacturing Co. v. Mylish and Drucker, D.C., 4 F.R.D. 170:

"Where a complaint is sufficient to enable the defendant to prepare the required responsive pleading and where it adequately states the issue which the defendant must meet at the trial, a motion for a bill of particulars must be denied."

See also Raudenbush v. Baltimore & Ohio Railroad Co., D.C.E.D.Pa.1944, 4 F.R.D. 171.

What the defendant seeks to require the plaintiff to plead constitutes evi-

dentiary matter, and it is well-settled that it is not the province of a bill of particulars to furnish evidence, nor may a party be required to furnish, by way of a bill of particulars, evidence necessary to prove the moving party's prima facie case. See Egyes v. Magyar Nemzeti Bank, D.C.E.D. N.Y.1940, 1 F.R.D. 498, 499. In Medusa Portland Cement Co. v. Pearl Assurance Co., D.C.N.D.Ohio 1945, 5 F.R.D. 332, where the complaint set up a claim on an insurance policy amounting to over $70,-000 for losses resulting from an explosion, a bill of particulars itemizing the claim was refused, the Court stating that:

"A party may utilize a bill of particulars to ascertain the ultimate facts so as to enable him to prepare his responsive pleading, but in securing information as to evidentiary matters which is obtainable by interrogatories, depositions or discovery he is left to those remedies."

To the same effect see Riegel v. Hygrade Seed Co., Inc., D.C.W.D.N.Y.1942, 47 F.Supp. 290, 294, where it was held that a bill of particulars requiring an itemization of damages should not be ordered.

The motion is denied and an order may be entered accordingly.