## VECCHIA et al. v. FAIRCHILD ENGINE & AIRPLANE CORPORATION.

No. 99, Docket 21134.

United States Court of Appeals
Second Circuit.

Dec. 23, 1948.

Benjamin R. Rubenstein and Goldwater & Flynn, all of New York City (Harry Rodwin, James L. Goldwater, and Richard M. Goldwater, all of New York City, of counsel), for plaintiffs-appellants.

Cravath, Swaine & Moore, all of New York City (Harold R. Medina, Jr., of New York City, of counsel), for defendant-appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

612

FRANK, Circuit Judge.

█ We shall assume, arguendo, the propriety, under Rule 12(e) as it then stood, of the requirements of the second provision of the order of June 23, 1947.[1] We shall also similarly assume that the district court, by its order of November 12, 1947, properly denied plaintiffs' motion for examination before trial. Even so, that order modified the earlier order with the result that plaintiffs were not required to supply the information if not within their knowledge. The proposed amended complaint attached to the notice of motion of December 30, 1947, stated in effect that de-

fendants had no such knowledge except as to one item, i. e., "the full name and time clock number or address of each" plaintiff. The district court should have considered that statement when defendant moved for dismissal of the suit. Plaintiff's failure to supply the information as to the names and clock numbers was not so substantial a noncompliance as to justify the harsh remedy of dismissing the suit, especially as the second provision of the order of June 23, 1947, did not state—as did the first provision of that order—that dismissal would be the consequence of noncompliance.

█ The defendant did not move to dismiss the action on the ground that plaintiffs had not amended to meet the new conditions imposed by the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq.,[2] nor did the district court base its judgment on that ground. Even assuming that dismissal on that ground would have been proper as to the entire complaint as amended (a matter we do not consider), such a judgment should have been conditioned on failure appropriately to amend.[3]

█ We shall therefore reverse and remand. As the proceedings will now be governed by amended Rule 12(e), which eliminates all right to a bill of particulars, the second provision of the order of November 23, 1947, will be a nullity. We think that any of the information of that kind, which defendant desires, it should obtain under other Rules authorizing discovery.[4]

Reversed and remanded.

---

[1] But see Barrett v. National Malleable & Steel Castings Co., D.C., 68 F. Supp. 410, 417; Walling v. Staffen, D. C., 5 F.R.D. 236, 240; Dykema v. Aluminum Co., D.C., 7 F.R.D. 230; Walling v. Bay State Dredging & Contracting Co., D.C., 3 F.R.D. 241, 242.

[2] See Battaglia v. General Motors Corp., 2 Cir., 169 F.2d 254.

[3] Any such amendment should now be permitted.

[4] Cf. Galdi v. Jones, 2 Cir., 141 F.2d 984, 992.