Maxwell SACHS, d/b/a Spring-O-Lator Mfg. Co., Plaintiff,

v.

MONTAGUE SHOE CO., Incorporated, Defendant.

Civ. No. 14757.

United States District Court, E. D. New York.

Nov. 10, 1954.

Kane, Dalsimer & Kane, New York City, for plaintiff.

Abraham Friedman, New York City, for defendant.

GALSTON, District Judge.

The defendant moves, under Rule 12 of the Rules of Civil Procedure, 28 U.S. C.A., to dismiss this action on the ground that the licensees of the plaintiff are indispensable parties to this action, and are not within the jurisdiction of the court, and for an order directing the plaintiff to file a more definite statement of the various matters alleged in the complaint.

The complaint sets forth an action for a declaratory judgment in a case alleged to be of an actual controversy involving the validity and the infringement of defendant's United States Letters Patent No. 2,407,498, issued to Harry H. Johnson on September 10, 1946, for a shoe; and of United States Letters Patent No. 2,442,007 to the same patentee on May 25, 1948, for a shoe with shank, spring and stiffener. A cause of action for unfair competition is also alleged.

It appears from the complaint that the plaintiff is engaged in the business of licensing the manufacture and the sale of shoes disclosed and claimed in what was at the time of filing the complaint, a pending application for letters patent for an elastic inner shoe structure. Since the filing of the complaint, this application was allowed, and Patent No. 2,691,227 on footwear was issued to the plaintiff on October 12, 1954.

Plaintiff likewise alleges that he is engaged in advising his licensees in the technical construction of said shoes which are sold under the trade-mark "Spring-O-Lator". Plaintiff further alleges that the defendant contends that the defendant's two letters patent are valid, and that they have been infringed by plaintiff. It is moreover alleged that

defendant has given notice to plaintiff's licensees that they infringe the defendant's patents.

Plaintiff alleges that defendant has acted in bad faith and for the purpose of harassing the plaintiff and his licensees, and to destroy the business of the plaintiff and his licensees.

The plaintiff denies that the shoes made by his licensees infringe defendant's patents, or either of them, and alleges indeed that those patents are invalid.

In consequence the plaintiff seeks by this action to have those patents declared void.

I cannot see that the plaintiff's licensees are indispensable parties to this action. This is in effect an action for a declaratory judgment following alleged wrongful acts by the plaintiff. It is the plaintiff who complains that his rights are being prejudiced by the wrongful acts and contentions of the defendant. There is no reason for compelling plaintiff's licensees—apparently non-exclusive licensees—to participate in this law suit. A decree can be entered herein which will do justice to the parties to the action, "without injuriously affecting the rights of such absent party", as was stated in Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 14, 54 L.Ed. 80. A decree in this suit can readily protect those who are not parties thereto. See also Texas Co. v. Wall, 7 Cir., 107 F.2d 45, and Skelly Oil Co. v. Wickham, 10 Cir., 202 F.2d 442. Plaintiff having been threatened is therefore entitled to proceed on his own. Lances v. Letz, 2 Cir., 115 F.2d 916; Leach v. Ross Heater & Mfg. Co., Inc., 2 Cir., 104 F.2d 88.

The second part of defendant's motion is to compel a more definite statement of matters alleged in the complaint. Here again the defendant runs into confusion by seeking to have the complaint made more definite and certain, instead of moving for relief by way of discovery, or by bill of particulars. Vecchia v.

**330**

Fairchild Engine & Airplane Corporation, 2 Cir., 171 F.2d 610; Galdi v. Jones, 2 Cir., 141 F.2d 984; Ferry-Hallock Co., Inc. v. Frost, D.C., 29 F.Supp. 43; and Egyes v. Magyar Nemzeti Bank, D.C., 1 F.R.D. 498.

In passing it may be noted that during the course of the argument on the hearing of this motion, plaintiff's counsel admitted that such part of the allegations in Paragraph 4th as recites "including advising his licensees in the technical construction of said shoes" is not a necessary part thereof.

The motion is denied. Settle order.